## COOPER et al. v. NEWCOMB.

No. 8791—Opinion Filed Aug. 27, 1918.

(174 Pac. 1029.)

**1. Courts—Probate Courts—Duress—Sufficiency.**

The orders and decrees of the probate court are not required to recite the existence of facts or the performance of acts upon which its jurisdiction depends, and the failure to recite such jurisdiction does not raise a presumption that such facts do not exist.

**2. Wills—Admission to Probate—Collateral Attack.**

The order of a county court admitting a will to probate being fair and valid, and no fraud being shown, the same cannot be collaterally attacked.

**3. Wills—Contest—Time for Instituting.**

Under section 6219, Rev. Laws 1910, a will may be contested at the probate thereof; but, if one is prevented by disability from filing such contest within said time, the same may be instituted within one year after the disability is removed by virtue of section 6225, Rev. Laws 1910, and if not filed within the time designated by these sections of the statute the right to do so is lost.

(Syllabus by Hooker, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by J. W. Newcomb against Tena Mornin Cooper and others. Judgment for plaintiff, and defendants bring error. Affirmed.

T. B. Orr, for plaintiffs in error.

Thos. Norman and James H. Mathers, for defendant in error,

Opinion by HOOKER, C. On the 10th day of April, 1909, one Ellen Jim Willie, an Indian woman, died without issue, unmarried, and leaving no surviving parents. A short time before her death she executed a will devising her real estate in trust for the use and benefit of one Tena Mornin, her grandniece, and designated one D. F. Spradling as executor of her estate without bond. By the terms of this will she authorized her executor to—"let or lease her lands or sell a part or all of the same as he may deem best and turn over and pay to Tena Mornin the proceeds in either case after deducting expenses, commissions and disbursements, during the lifetime of my greatniece, and after her death to her heirs."

On the 14th day of June, 1910, Spradling filed a petition in the county court of Jefferson county to probate the will and to have letters issued to him. On that date the county court of Jefferson county made an order setting the case for hearing on July 3, 1909, at 10 o'clock in the forenoon. The order further provided that notice should be given of hearing by publication in the Ryan Leader, a newspaper published in Ryan, in said county, for three consecutive weeks, and that notice should be mailed, postage prepaid, to the heirs at law and the devisees of decedent, residents of this state. The trial of the probate of the will was not had on July 3, 1909, but was continued from time to time until October 4, 1910, which continuances are shown by nunc pro tunc orders of the county court of Jefferson county. On the latter date said court made an order admitting the will to probate, and appointed Spradling as executor without bond. The order is as follows:

"Now, on this the 4th day of October, 1910, there coming on for hearing the petition of D. F. Spradling to have admitted to probate the paper filed herein on the 14th day of June, 1909, purporting to be the last will and testament of Ellen Jim Willie, deceased, and said petitioner appearing by D. F. Spradling, and it first being proven that notice of this hearing was given by publication of notice in the Ryan Leader, published at Ryan, Oklahoma, in said county, for three consecutive weeks prior to this

day, the first of said publications being made on the 18th day of June, 1909, and the last upon the 2d day of July, 1909, and by depositing in the post office on the—— day of ——, 19—, copies of said notice, with the postage prepaid thereon, addressed to the heirs and devisees of decedent at their respective places of residence in this state, so far as the names and residence of said heirs and devisees were known to petitioner. And the court having heard and considered the evidence offered in support of said petition," etc.

"It is therefore ordered, adjudged, and decreed by the court that said instrument be admitted to probate as and for the last will and testament of said deceased, and that the same be and hereby is established as a valid will, passing both real and personal estate, and D. F. Spradling, who is named in said will, is hereby appointed executor, upon his taking and subscribing the oath of office required by law, and executing a bond to the state of Oklahoma in the penal sum, without bond ------ dollars, and upon the approval thereof as required by law."

Being uncertain of the correct form of procedure in such a case, and as an additional precaution, on the same day there was entered an order appointing said Spradling as administrator with the will annexed. Thereafter Spradling conveyed these lands to Tena Mornin, she in the meantime having intermarried with one Cooper, this deed was approved by the county court on January 6, 1913, and she thereafter sold these lands to the defendant in error, J. W. Newcomb. On the 9th day of October, 1915, J. W. Newcomb instituted this action against Tena Mornin Cooper, D. F. Spradling, as executor and trustee, Lillie Anderson, Marsaline Elex, Mary Lewis, and Clara Miller, to quiet his title, he being at the time in the actual possession of said lands; and in the petition filed he alleged that he was the owner of the lands in controversy and set forth the manner how he purchased the same and the facts as subscribed alleged above, and he further alleged in his petition that he held title by virtue of the tax deeds issued by the county treasurer of Carter county, covering a portion of said land to one W. R. Hignight, and the balance to T. L. Wright, who afterwards conveyed their interest by quitclaim deed to the plaintiff, J. W. Newcomb, and he further alleged that the defendants above named had no right, title, or interest in said lands, and prayed that his title be quieted thereto. The court appointed a guardian ad litem for Clara Miller, a minor, and during such time, it being shown that Marsaline Elex was an incompetent, a guardian ad litem was appointed to represent her. Thereupon an answer

was filed by Marsaline Elex and Mary Lewis, wherein they admitted they were residents of the state of Oklahoma and had been at all times mentioned in plaintiff's petition. They contended that the appointment of Spradling was void, for the reason that no petition was filed asking for his appointment as administrator, and they denied that the county court of Jefferson county on the 4th day of October, 1910, had jurisdiction to admit said will to probate, for the reason that notice was not given to the heirs of the hearing of said petition as required by law, in that, they being residents of the state, notice was not given to them by registered mail or by posting as required by law, and that by reason thereof the order attempting to admit said will to probate was null and void. They further asserted that they were heirs of the Indian woman, and that they had never conveyed their interest in said lands to any one, and they further attacked the tax deeds as being insufficient to convey title. D. F. Spradling and J. W. Newcomb filed a disclaimer in said action, and Clara Miller, by her guardian ad litem, filed a general denial.

The evidence as introduced disclosed that on the 14th day of June, 1909, D. F. Spradling filed a petition in the county court of Jefferson county, praying that the will be admitted to probate and that letters testamentary issue to him, and in said petition it is alleged that Marsaline Elex and Mary Lewis, her heirs, resided in the state of Oklahoma, and that on said date the county judge of Jefferson county ordered said petition to be heard on the 3d day of July, 1909, and that notice thereof be given by publication in the Ryan Leader for three consecutive weeks, and that copies of said notice be mailed to the heirs at law and devisees of the decedent, residents of said state, as required by law. And on the 4th day of October, 1910, the county court made the order admitting said will to probate, which order is fully given hereinabove. And it is further shown that on the 5th day of February, 1913, Tena Mornin Cooper, joined by her husband, executed a warranty deed to said lands to the defendant in error, J. W. Newcomb, and that on the 31st day of January, 1913, D. F. Spradling, as the executor made an application to the county court to show by nunc pro tunc order that a continuance for the hearing of the petition for the probate of the will had been made from time to time from July 3, 1909, until October 4, 1910.

The plaintiffs in error in the trial below attempted to show by the records of the court clerk of Jefferson county that no proof of the mailing of copies of letters to the heirs residing in the county had been made; but this objection was objected to by the plaintiff, and sustained by the court, and said plaintiffs in error further attempted to prove by the defendants that no notice was received by them which was likewise excluded. It is further contended that the deed executed by D. F. Spradling to Tena Mornin Cooper, the beneficiary named in the will, was void, and passed no title thereto to her, and that the same was made without any order of the court, or any authority in the will, and likewise attack was made upon the sheriff's deed for taxes.

It will thus be seen from this record that this will was admitted to probate in October, 1910. This petition was filed on the 9th day of October, 1915, by the defendant in error, against these parties, to quiet his title to this property, and the answer of the defendant was filed thereafter in February, 1916, more than five years after the date on which the will was admitted to probate. In said answer there is no averment or any excuse why the defendants did not within one year after the probate of the will contest the same; but an effort is made to avoid the effect of the probate proceedings by charging that the same were irregular. It is further shown here that Marsaline Elex was adjudged incompetent on the 21st day of June, 1915.

Upon the trial the following questions were propounded, which sought to impeach the finding of the court as to notice having been given of hearing on the application for the probate of said will:

Mrs. London, the deputy court clerk, was asked this question:

"Do the records of your office show that any other notice was given by any other method of hearing of the petition to probate the will?"

This question was objected to, and the objection sustained. No offer was made in the record to show what the answer of the witness would be. Thereupon the following question was propounded to her:

"Does the order admitting the will to probate show that any notice was given by mailing a copy to the heirs?"

This was likewise objected to, and sustained, and no offer made in the record as to what the answer of the witness would be. She was asked:

"I will ask you to look at the appearance docket and ascertain whether or not any

entry appears showing that proof of posting was given, or has the same been filed in this case?"

This was objected to, and sustained, and no offer is made in the record as to what the answer of the witness would be.

To Marsaline Elex this question was propounded:

"Did you ever receive any notice after she died that they had filed a will to be probated?"

This question was objected to, and the same was sustained. No offer is made as to what the answer of the witness would be.

And the witness Mary Farr, formerly Lewis, was asked this question:

"While you were living in Jefferson county, did you ever receive any notice that they would probate the will? A. No, sir."

This court has said in a number of cases that we will not speculate upon what the answer of the witness might have been, and until a tender of the testimony which the witnesses would have sworn to, had they been permitted to testify, this court cannot determine whether the exclusion of the evidence was or was not harmful.

This court, in Holmes v. Holmes, 27 Okla. 140, 111 Pac. 220, 30 L. R. A. (N. S.) 920. has said:

"The orders and decrees of a probate court are not required to recite the existence of facts or the performance of acts upon which the jurisdiction of the court depends; and the failure to recite such jurisdictional facts does not raise a presumption that such facts do not exist."

In Cont. Gin. Co. v. De Bord, 34 Okla. 66, 123 Pac. 159, this court said:

"When, in a judicial proceeding, the court expressly finds that the defendant is present, such finding is not subject to attack in a collateral proceeding."

And in Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184, it is said:

"The appointment of a guardian for minors by a county court imports jurisdiction in the court so to do, and it will be inferred from the fact that such an appointment was made that all the facts necessary to vest the court with jurisdiction to make the appointment had been found to exist before the same was made."

And in the body of the opinion the court said:

"The record of the county court being silent as to the residence of these minors at the time this appointment was made, it is but fair to presume, in aid of the juris-

diction of the court to make the appointment, that the court, before making it, took evidence, as was its duty to do, and found the facts to be that their residence at that time was in Atoka county."

And in Greer v. McNeal et al., 11 Okla. 519, 69 Pac. 891, it is said:

"It is not necessary that in proceedings properly before the probate court, and within its jurisdiction, its judgment shall contain a recitation of the facts upon which the jurisdiction of the court depends. A final judgment of the probate court imports jurisdiction, and it will be inferred, from the fact that such a judgment was rendered, that all the facts necessary to its proper rendition had been found to exist before the judgment was rendered."

And in Hathaway v. Hoffman, supra, the court said:

"We are therefore of the opinion that the court did right in holding that the absolute verity of the record of the county court could not be impeached by evidence aliunde, and in sustaining the demurrer to the evidence, unless, as it is contended, said record on its face discloses that Taubner acted as guardian of the minors in the sale of this land without appointment."

This court in a number of cases has held that the records of the county court under section 6190, Rev. Laws 1910, must be construed in the same manner and with like intendment as the proceedings of courts with general jurisdiction, and to its records there must be accorded like force, effect, and legal presumption of the records of the district courts, and that the same are not subject to collateral attack. The law in this jurisdiction necessarily follows that any evidence which was sought to be introduced here was incompetent as an attempt to impeach the verity of the proceedings of the county court in the probate matter. The order of the court admitting the will to probate is not void, and same cannot be collaterally attacked. The court proceedings are regular and fair upon their face, and fail to disclose any lack of jurisdiction, and there being no sufficient allegation of fraud, nor evidence to support it, the judgment of the county court cannot be disturbed here.

This action was instituted more than five years after the order was made probating the will, and all of the parties save Clara Miller were sui juris for several years thereafter. Section 6219, Rev. Laws 1910, gives to any person interested the right at any time within one year after probate to contest the will or its validity by showing some jurisdictional fact was wanting in the former probate, and to those under dis-

ability the time is extended by section 6225 thereof until one year has elapsed after the disability has been removed. As stated, all the parties here, save the infant Clara Miller, permitted this time to elapse, and if there be any merit in their contention of a lack of jurisdictional facts, such as notice, they are now estopped by the statute; but the notice as to the infant was sufficient.

The other questions urged by the plaintiffs in error are not available to them, for. if the devisee is satisfied, and the record here so shows, it does not concern plaintiffs in error that the purchaser from her acquired an imperfect or invalid title. The property was devised to Tena Mornin, and her disposition of it cannot affect the rights of plaintiffs in error. Brockman v. Rees et al., 70 Pac. 155, 173 Pac. 525.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.