No. 23,026.

LEWIS W. FERRIER et al., *Appellants,* v. KATIE H. FERRIER et al., *Appellees.*

### SYLLABUS BY THE COURT.

ACTION TO CONTEST WILL—*Within What Time May Be Brought—Effect of Amendment of Statute.* Where a statute granting a right to contest a will by an action brought within three years after its probate is amended by making the period two years, a provision being added that the act shall apply to any will probated within two years prior to its enactment, a will admitted to probate more than two years before the amendment cannot be contested by an action begun more than three years after the making of the order of probate.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed December 11, 1920. Affirmed.

*R. L. Holmes, Charles G. Yankey, W. E. Holmes,* and *D. W. Eaton,* all of Wichita, for the appellants.

*A. L. L. Hamilton, J. B. McKay, G. P. Aikman, C. L. Aikman, T. A. Kramer,* and *George J. Benson,* all of El Dorado, for the appellees.

The opinion of the court was delivered by

MASON, J.: A will was admitted to probate January 7, 1915. An action to contest it was brought March 8, 1920. A demurrer to the petition was sustained because of the time that had elapsed between the two steps, and an appeal is taken from the ruling.

The statute relating to the contest of a will read as follows from 1868 until 1907:

"If no person interested shall within two years after probate appear and contest the validity of the will, the probate shall be forever binding, saving, however, to persons under legal disability the like period after the disability is removed." (Gen. Stat. 1901, § 7956.)

"The mode of contesting a will shall be by civil action in the district court of the county in which the will was admitted to probate, which action may be brought at any time within two years after the probate of the will, and not afterwards, by any person interested in the will or estate of the deceased." (Id., § 7957.)

On March 13 of that year the sections quoted were amended by changing "two years" to "three years," and adding this provision:

"The provisions of this act shall apply to any order of the court probating . . . the will, made at any time within three years prior to the taking effect of this act: *Provided, however,* That no proceedings to contest or set aside such order of the probate court shall affect the rights of innocent parties who have acquired title to property under the laws, as they existed prior to the passage of this act." (Gen. Stat. 1915, §§ 11774, 11775; Laws of 1907, ch. 429, § 1.)

By a statute which took effect May 26, 1917, the sections were again amended by substituting "two years" for "three years" wherever the words were used, so that the present law contains a provision making it applicable to wills probated within two years prior to its enactment. (Laws 1917, ch. 336, § 1.)

We regard it as entirely clear that what the framers of the present law actually intended was that a will probated prior to May 26, 1915, might be contested by an action brought within three years from its probate, and that a will probated after that date could be contested only by an action brought within two years from its probate. The appellants, however, present an argument which may be thus summarized: Even assuming the intention of the lawmakers to have been as just stated, it was not expressed, and the court must be governed by the language used; the provision of the new act which fixes the period within which a contest may be begun at two years from the probate, being specifically made applicable to wills probated after May 26, 1915, does not apply to the will here involved, which was probated January 7, 1915; the provision of the old act which fixed the period at three years does not interpose a bar to the present action, because that act has been repealed; therefore there is no restriction upon the time within which an action may be brought to contest the will now attacked. One reason why this reasoning does not warrant a reversal of the order sustaining the demurrer to the petition is that if it proves anything it proves too much for that purpose —if it is sound it furnishes an affirmative ground in support of the ruling of the trial court. If the old statute does not apply for the reason that it has been repealed, then the de-

murrer was properly sustained because it was only by invoking that statute that an action to contest the will could be brought at all. The right to challenge the validity of the will by an independent action in the district court (as distinguished from an appeal, as to which see *Durant v. Durant,* 89 Kan. 347, 131 Pac. 613) existed solely by reason of the statute. The requirement that such an action, if maintained at all, must be begun within three years of the order of probate was not a mere statute of limitation applicable to a case of that kind; it was a condition upon which the right to bring such a proceeding was granted. (*Medill v. Snyder,* 71 Kan. 590, 594, 81 Pac. 216; see, also, 40 Cyc. 1240, note 99.) What the old statute gave was and what the new statute gives is, the right within a certain period after probate to bring an action to set a will aside; no right was or is given to bring such an action otherwise than within the period fixed. The right to attack the will by an action brought at a later time does not exist, and never did exist. It may be suggested that a right to contest the will involved in the present action accrued when it was probated, on January 7, 1915, and survived the repeal (on May 26, 1917) of the statute granting it, because "the repeal of a statute does not . . . affect any right which accrued" under it. (Gen. Stat. 1915, § 10973, subdiv. 1.) If such a right, which at the time of the repeal had not been acted upon, is within the protection of that rule, which is doubtful (see *Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539), this would not save the petition, for the only right in that connection which the statute gave was to contest a will by an action brought within three years of its probate, "and not afterwards," and this right would avail the plaintiffs nothing, because of the expiration of that period.

An interpretation carrying out the manifest purpose of the legislature may be arrived at by applying the rule that the provisions of a statute, so far as they are the same as those of a prior statute, shall be construed as a continuation of such provisions, and not as a new enactment (Gen. Stat. 1915, § 10973, subdiv. 1), a rule often recognized independently of any statute. (See *Railway Co. v. Fuller,* 105 Kan. 608, 610, 186 Pac. 127.) Construed according to this rule the effect of the successive enactments may be thus stated: The provision

that a will may be contested by bringing an action in the district court within a fixed period has been continuously in existence since 1868. The extent of that period has varied from time to time. It was two years until March 13, 1907, when with respect to wills probated after March 13, 1904, it was changed to three years. It remained at three years until May 26, 1917, when with respect to wills probated after May 26, 1915, it was changed back to two years. The will here involved, having been admitted to probate January 7, 1915, was therefore subject to contest for only three years from that date, and the present action, begun March 8, 1920, cannot be maintained.

The judgment is affirmed.