AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, N. Y., A CORPORATION, APPELLANT, *v.* NORMAN BILTZ, RESPONDENT.

WESTCHESTER FIRE INSURANCE COMPANY OF NEW YORK, A CORPORATION, APPELLANT, *v.* NORMAN BILTZ, RESPONDENT.

Nos. 3154, 3155

April 8, 1937.

*L. D. Summerfield,* for Appellants.

*George Springmeyer* and *Douglas A. Busey,* for Respondent.

*Per Curiam:*

The petition of appellant for a rehearing in the above-entitled cause is hereby denied.

The petition of respondent for a rehearing in said cause is hereby granted, limited solely to the question of costs on appeal.

ON REHEARING

June 3, 1937.                    64 P. (2d) 568.

L. D. *Summerfield,* for Appellants.

*George Springmeyer, Douglas A. Busey,* and *Bruce Thompson,* for Respondent.

## OPINION

By the Court, DUCKER, J.:

A rehearing was granted respondent on the sole question of costs on appeal. In our original opinions the judgments of the lower court were modified and no orders were made in reference to the costs on appeal. 57 Nev. 370, 64 P. (2d) 1042; 57 Nev. 388, 64 P. (2d) 1048. Consequently under the statute (section 8928 N. C. L.), unless we now order otherwise, appellants are entitled to have as costs the entire expense of preparing the transcript of the record on appeal and in presenting the matter to this court, having obtained some relief. In deciding the cases we inadvertently omitted making orders as to costs. Hence the granting of this rehearing.

Respondents contend that as the judgments were reduced in very small amounts and the point on which the reductions were ordered were presented on the judgment roll, appellants should be allowed only such costs as were incident to the proper presentation of that point. He concedes that they should be allowed costs for such portions of the briefs as were devoted to the question of mileage of witnesses—a question stipulated for decision to this court.

Appellants obtained no relief on the appeals from the orders denying their motions for new trials. The judgments against them for $5,000, with interest thereon at the legal rate from April 6, 1935, were, by our decisions, modified to the extent of allowing such interest only from March 5, 1936, the date of judgment.

■ We are satisfied that this court is not without jurisdiction to exercise its discretion and make an order as to costs on appeal.

■ Considering the relatively small change made in the judgments by our orders of modification, together with all the circumstances of the cases, we believe that it is equitable that appellants should have costs only for clerk's fees; for typewriting judgment roll, notices of appeal, and waivers of undertaking on appeal; and for typewriting that portion of opening and closing briefs pertaining to interest and mileage.

It is so ordered, and that our original opinions be, and they are hereby, modified to such extent.