**In the Matter of the ESTATE OF Paul J. SPEAKE, Jr.**

**No. 63179.**

Supreme Court of Oklahoma.

July 7, 1987.

Rehearing Denied Oct. 7, 1987.

---

Winford Mike Warren, Hollis, for appellant Pamela Elaine Speake.

Darryl F. Roberts, Messrs. Roberts & Duncan, Ardmore, for appellee Matha Speake.

OPALA, Justice.

The dispositive issue on certiorari is whether the one-year "recommencement-of-actions" provisions in 12 O.S. 1981 § 100, also known as a "renewal statute," extend the time prescribed in 58 O.S. 1981 § 67 to bring a post-probate will contest for a period of one year from the date the initial, timely-filed contest failed otherwise than on the merits. We answer in the negative.

The testator's will was admitted to probate on June 24, 1980. His daughter [contestant], a minor when the will was probated, initiated a post-probate contest on August 29, 1983.[1] She instituted the proceeding within the one year allowed in § 67 for a challenge by persons who were under disability at the time the will was admitted.

The contestant voluntarily dismissed the proceeding on June 18, 1984 without prejudice. Less than one month later, but *more than a year after she had reached the age of majority,* she reinstituted the post-probate contest of her father's will. Acting on the executrix' motion the trial court dismissed the proceeding as untimely. It held the provisions of § 100 are inapplicable to a post-probate will challenge because the contest does not qualify as an "action." The affirmance of the trial court's dismissal in an opinion by the Court of Appeals rests on the same legal analysis. Because we are persuaded to affirm on grounds quite different from those found apposite by the Court of Appeals, we grant certiorari to give guidance on the dispositive point

---

1. The testator's daughter alleged in her petition that she had attained the age of majority on October 27, 1982.

pressed by the contestant's plea for corrective relief.

# I

## THE TIME LIMITS FOR A POST–PROBATE WILL CHALLENGE ARE GOVERNED BY THE CONSTRUCTION PLACED BY THE KANSAS SUPREME COURT ON THE PROVISIONS OF 12 O.S.1981 § 100 BEFORE THAT STATUTE'S ADOPTION IN OKLAHOMA

The time limits that govern the post-probate contest of a will, 58 O.S.1981 § 67, are:

"If no person, within three (3) months after the admission to probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, *saving to infants* and persons of unsound mind, *a period of one (1) year after their respective disabilities are removed.*" [Emphasis added.]

Since the one-year period allowed by § 67 had run when the contestant refiled the proceeding after voluntarily dismissing her initial post-probate will contest, she cannot prevail unless the statutory recommencement-of-actions provisions in 12 O.S.1981 § 100 are held to have extended the time limit prescribed by § 67. Section 100 provides:

"If *any action* is commenced within due time, and a judgment thereon for the plaintiff is reversed, or *if the plaintiff*

*fail* in such action *otherwise than upon the merits,* the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed." [Emphasis added.]

A lawsuit timely filed when brought but later dismissed on grounds *unrelated to the merits* of the controversy falls within the ameliorative relief affordable under the terms of 12 O.S.1981 § 100.[2] The refiling, if effected in conformity to the terms of § 100, relates the time of the action's commencement back to the date the petition was brought originally.[3]

■ Oklahoma received the recommencement-of-actions provision from the laws of Kansas.[4] The construction the Kansas Supreme Court had placed on § 100 *before* Oklahoma's adoption of the statute is binding on us. The text came to us encumbered by the meaning accorded it in Kansas. Judicial interpretation by a court of last resort impressed on adopted legislation before its reception cannot be changed by jurisprudence of the receiving state. *Legislative process affords the only effective means for departure from the binding force of the prestatehood Kansas case law.*[5]

---

**2.** The one-year extension allowed by 12 O.S.1981 § 100 to recommence an action is the outgrowth of the ancient common-law rule of "journey's account." Its purpose was to allow a reasonable time for a "journey" to court to sue out a writ. *Baker v. Cohn,* 266 App.Div. 236, 41 N.Y.S.2d 765, 767 [1943]; *Jackson v. Prairie Oil & Gas Co.,* 115 Kan. 386, 222 P. 1114, 1115 [1924] and *Hodges v. Home Ins. Co. of New York,* 233 N.C. 289, 63 S.E.2d 819, 820 [1951]. Section 100 is identical in purpose and form to its English prototype, the English Limitation Act of 1623, 21 Jac. I, c. 16, § 4. See, *Gaines v. City of New York,* 215 N.Y. 533, 109 N.E. 594, 595–596 [1915].

**3.** *C & C Tile Co. v. Independent Sch. D. No. 7 of Tulsa Cty.,* Okl., 503 P.2d 554, 559 [1972]. Where a timely commenced action is dismissed without prejudice on the plaintiff's motion before trial on the merits but after the statute of

limitations has run, the plaintiff may commence a new action within a year after such dismissal. *Powers v. Atchison, Topeka and Santa Fe Railway Co.,* Okl., 392 P.2d 744, 745 [1964].

**4.** *Amsden v. Johnson,* 74 Okl. 295, 158 P. 1148, 1149 [1916].

**5.** The prestatehood construction placed by the Kansas Supreme Court on a statute adopted by Oklahoma becomes codified with the statute and thus has the same effect as though it had been expressly carried into the body of the legislative law. *Atlantic Richfield Co. v. State,* Okl., 659 P.2d 930, 934 [1983]; *Horath v. Pierce,* Okl., 506 P.2d 548, 554 [1973]; *Brook v. James A. Cullimore & Co.,* Okl., 436 P.2d 32, 34 [1967]; *In re Fletcher's Estate,* Okl., 308 P.2d 304, 311 [1957] and *Harness v. Myers,* 143 Okl. 147, 288 P. 285, 288 [1930].

When we adopted § 100, the Kansas Supreme Court had held in *Medill v. Snyder*[6] that this section did not operate to extend the time for a post-probate contest. Its decision emphasized that legislation authorizing the reopening of a will contest is not a true statute of limitations but rather a special enactment, complete in itself, which designates the only avenue of relief that may be sought from a will's admission.[7] The court noted that a timely institution of the post-probate will contest is a precondition of the court's cognizance. According to *Medill*, since time is of the essence both for the exercise of the court's *power* and for the preservation of the *right* to a post-probate challenge, the lapse-of-time provision in § 67 is not a true limitation that operates merely to destroy the *remedy* but one that extinguishes both the contestant's *right* and the court's *power* to act.

For the reasons to be discussed later in this opinion, the *Medill* analysis is equally compelling when examined in the light of other applicable legal doctrines.

6. *Medill v. Snyder*, 71 Kan. 590, 81 P.2d 216 [1905].

7. The court in *Medill v. Snyder, supra* note 6 at 217, observed that the purpose of the law [§ 67] is "to protect devisees, legatees, executors, and trustees in their property rights, to foil efforts on the part of designing persons to foment annoying and embarrassing litigation, and generally to prevent the questioning of wills after time has removed witnesses and obscured the circumstances of their execution." This is so because, according to *Medill*, statutes authorizing post-probate contests are distinguishable from a true statute of limitations whose time may be extended by the renewal provisions. The former [1] concerns itself primarily with the creation and regulation of jurisdiction and procedure, [2] makes the probate of a will conclusive and forever binding, [3] establishes the title to real and personal property under probated wills and [4] creates indisputable evidence of such title. This, the court opined, went beyond merely providing a *remedy* to one who may desire to be placed in the role of a contestant. The *Medill* teaching was applied to other post-probate will contests. See *Kunze v. Kunze*, 145 Kan. 72, 64 P.2d 568, 571 [1937]; *Rishel v. McPherson County*, 122 Kan. 741, 253 P. 586, 592 [1927] and *Ferrier v. Ferrier*, 108 Kan. 130, 193 P. 1071 [1920]. A commitment to the *Medill* principle stands reaffirmed in more recent decisions. See *Lakeview Village, Inc. v. Bd. of Cty.*

## II

### GENERAL/SPECIAL TIME LIMITATIONS DICHOTOMY

Section 100, which operates generally to extend statutory limitations, is *remedial* in nature. It serves to lengthen *only* the period allowed for the *commencement* of an action or proceeding[8]—whether the action or proceeding be one at law, in equity or one that is grounded on statute.[9] It does not enlarge the time to challenge *judicial action*. Section 100 has no application to an attack upon a judicial decision. The commencement of a proceeding to vacate, to modify or to reopen a judgment or decree is governed by special time limits not affected by general limitations of actions. Among the familiar statutes that regulate the time for challenging judicial action or judgment are: [1] 12 O.S.1981 § 1038 which governs time limits for vacation or modification of judgments;[10] [2] 12 O.S. 1981 § 176 which deals with the time limit to reopen a judgment;[11] [3] 12 O.S.1981 § 700 which regulates the time to show cause against a judgment rendered during a person's minority;[12] [4] 12 O.S.1981

*Com'rs.*, 232 Kan. 711, 659 P.2d 187 [1983] (taxpayer's action for recovery of taxes paid under protest) and *Hodge v. Hodge*, 191 Kan. 390, 381 P.2d 329 [1963] (vacation of divorce decree). The underlying principles of *Medill* are discussed in Annot., 79 ALR2d 1309, 1323–1326, § 5[a]. In *Alakiotis v. Lancione*, 12 Ohio Misc. 257, 232 N.E.2d 663, 666 [1966], the court reached the same conclusion as in *Medill* and cited with approval to the text of the annotation at 79 ALR2d 1309. More recently *Lancione* was followed in *Barnes v. Anderson*, 17 Ohio App.2d 142, 478 N.E.2d 248 [1984].

8. *Pinson v. Robertson*, 197 Okl. 419, 172 P.2d 625, 627 [1946] and *Williams v. Okla. Nat. Stockyards Co.*, Okl., 577 P.2d 906 [1978].

9. *Pinson v. Robertson, supra* note 8, 172 P.2d at 627.

10. *Preferred Risk Mutual Insurance Co. v. O'Brien*, Okl., 440 P.2d 698 [1968].

11. 12 O.S.1981 § 176, now repealed, was replaced by 12 O.S.Supp.1984 §§ 2004 and 2005. See, *Wall v. Snider*, 93 Okl. 97, 219 P. 671, 672 [1923].

12. *Gassin v. McJunkin*, 173 Okl. 210, 48 P.2d 321, 326 [1935] and *Oberlander v. Eddington*, Okl., 391 P.2d 889, 893 [1964].

§ 655 which deals with time limits for a new trial as a result of (a) an impossibility to prepare the appellate record or (b) newly discovered evidence;[13] [5] 51 O.S.Supp. 1986 § 156 which provides time limits for the accrual of a cause of action in favor of a minor under The Governmental Tort Claims Act[14] and [6] 58 O.S.1981 § 67 which controls time limits for a post-probate will contest.[15] All of these *special time limits* attach directly to the *right* created. They constitute *conditions precedent to the pursuit of the affordable relief* rather than a *limitation on the time to commence an action*.[16] Our case law requires that a challenge made under the cited statutes be brought *within the time prescribed for its institution by the authorizing enactment.*[17]

Another principle of law may be invoked to reinforce the result we reach today. Where, as here, there are two statutory provisions—one of which is general and the other special because it clearly includes the matter in controversy and prescribes different rules and procedures from those in a general provision—the special, and not the general statute, must be applied.[18] Section 67 is a special statute regulating the time to challenge a will's prior admission to probate.

## III

## ANALYSES OF § 67 AS A STATUTE EXTINGUISHING THE RIGHT TO CONTEST AND IMPOSING A LIMITATION UPON THE COURT'S POWER TO EXERCISE ITS COGNIZANCE

*Medill* rests on the law's notion that a lapse-of-time provision like that found in § 67 is a *condition on the right to wage a contest.* The condition goes unfulfilled when a contest is not brought within the specified time. By force of the *Medill* rationale the *right* to contest a will is lost upon expiration of the statutorily prescribed interval. Implicit in its teaching is the view that the § 67 time bar is to be regarded as a *limitation upon the court's power to exercise its cognizance over a post-probate contest.*

### A. The right/remedy dichotomy

The common law recognizes *two different* time bars that are conceptually distinct: [1] an "ordinary" or "true" statute of limitations that regulates the time to *bring* an action and [2] a time limit that establishes a condition upon the right or constitutes a substantive element of the claim.[19] A legislative act that spells out the time in which an action must be brought is deemed to be an ordinary or true statute of limitations. It bars *only the remedy—not the right* —unless the prescribed time limit is so specifically attached to the substantive claim that it must be construed as an element of, or condition upon, the right. Ordinary limitations may be tolled and, unless affirmatively pleaded, the time bar is deemed waived. On the other hand, a time bar falling into the category of a condition upon the right is a substantive element of the claim and cannot be tolled. It differs vastly from a statute that regulates merely the time for the commencement of an action. This is so because it operates to extinguish the *right* as well as the *remedy* and in so doing it may also transfer an

---

13. *Austin v. Curry,* Okl., 651 P.2d 1320 [1982].

14. See 51 O.S.Supp.1984 § 151 and *Johns v. Wynnewood School Bd. of Educ.,* Okl., 656 P.2d 248 [1982].

15. *Mayweather v. Wallace,* 195 Okl. 587, 159 P.2d 529 [1945].

16. *Pinson v. Robertson, supra* note 8, 172 P.2d at 627.

17. See *American Bank of Oklahoma v. Adams,* Okl., 514 P.2d 1191, 1193 [1973]; *Wall v. Snider, supra* note 11, 219 P.2d at 672; *Busby v. Eaves,*

205 Okl. 346, 237 P.2d 445, 447 [1951]; *Gassin v. McJunkin, supra* note 12, 48 P.2d at 326 and *Oberlander v. Eddington, supra* note 12, 391 P.2d at 893.

18. *City of Tulsa v. Smittle,* Okl., 702 P.2d 367, 371 [1985] and *Ind. Sch. Dist. No. 1 v. Bd. of Cty. Com'rs,* Okl., 674 P.2d 547, 550 [1983].

19. *Hiskett v. Wells,* Okl., 351 P.2d 300, 304 [1959].

interest lost by time lapse.[20] Time bars in this category do not merely destroy the claim but also confer a new right on one who may invoke the benefit of the lapse.[21] Where applicable, the § 100 recommencement statute is but an extension of the statutorily established limitations period. It will not avail to *resurrect a lost right* but may serve solely to extend the time for the *pursuit of a remedy* that otherwise would have been barred.

In short, § 100 does not extend the time to bring a post-probate will contest because the terms of § 67 do not merely provide and bar a *remedy;* rather, they extinguish the *right* to challenge a will after its probate.

**B.** *The distinction between a statutory limitation on the time to bring an action and a restriction on one's right to challenge previous judicial action in admitting a will to probate.*

If the time limits in § 67 governed merely the time to bring an action, they could be regarded as an ordinary statute of limitations and be extended by § 100. But if the § 67 time bar must be regarded as limiting the court's power to entertain the contest,

then *the § 100 recommencement period cannot extend the § 67 time bar.* This is so because the *power of the court ceases at the expiration of the very period prescribed for its exercise.*

Whether the statutory period for bringing a post-probate will contest constitutes a limitation on the exercise of judicial power or a limitation on bringing an action is to be divined from the legislative intent.[22] Section 67 plainly evinces concern for *expediency* in the prosecution of all post-probate will challenges. A nondisabled contestant is given but three months to bring a contest after the will has been admitted. Not unmindful of the special problems minors and persons of unsound mind may encounter in their quest for judicial relief, the legislature provided in § 67 a savings clause for persons who stand under a legal disability. The latter may bring a contest within one year after their impediment has been removed. The lapse-of-time provision in § 67 clearly evinces a design *to extinguish the contestant's right to challenge the will's prior admission* and to serve *as a limitation upon the court's power* to hear and to determine the post-probate challenge.[23] In short, the opportunity to

**20.** Lapse of time that brings about the extinguishment of rights is a legal concept which comes to us from the Roman-law doctrine known as prescription. It affords a mode of acquiring property. Opala, *Praescriptio Temporis* and Its Relation to Prescriptive Easements in the Anglo-American Law, 7 Tulsa L.Rev. 107, 108–110 [1971]. Limitations did not operate at common law to confer a *right* but merely to bar the demandant's *remedy.*

**21.** Oklahoma jurisprudence abounds in time limits that extinguish the challenger's *right* and limit the court's *power* to act, as well as destroy the *remedy.*
   [1] In *Stolfa v. Gaines,* 140 Okl. 292, 283 P. 563, 567–570 [1930], the court recognized that the provisions of 60 O.S.1981 § 333, which *confer title by prescription* upon one who has occupied land adversely for the prescriptive period, abrogate the common law. The latter system did not permit an adverse occupant to claim title but only to interpose a defense to the demandant's action for possession.
   [2] In *State ex rel. Cent. State Griffin Mem. Hosp. v. Reed,* Okl., 493 P.2d 815, 817–818 [1972], we held that the common-law doctrine of *nullum tempus occurrit regi* or *nullum tempus occurrit reipublicae* —under which statutory limitations, unless expressly made appli-

cable to the state, do not run against the sovereign—does not confer upon the State an exemption from compliance with the four-month time limit during which creditors are required to file their claims against a decedent's estate. Under the *Reed* rationale the statutory time limit on claims operates to *destroy the creditors' rights* rather than to *affect merely their remedy* against the estate of a deceased debtor.
   [3] A so-called "statute of creation" in which a time limit for the commencement of an action is annexed to a newly created liability as an indispensible condition or as an inherent element of the right so created. *Saak v. Hicks,* Okl., 321 P.2d 425, 429 [1958]; *Hiskett v. Wells, supra* note 19, 351 P.2d at 304; *Phillips Petroleum Co. v. United States Fidel. & G. Co.,* Okl., 442 P.2d 303, 305 [1968] and *Trinity Broadcasting Corp. v. Leeco Oil Co.,* Okl., 692 P.2d 1364, 1367 [1984].

**22.** *State ex rel. Cent. State Griffin Mem. Hosp. v. Reed, supra,* 493 P.2d note 21.

**23.** *Mayweather v. Wallace, supra,* 159 P.2d note 15; *In Re Estate of Redwine,* Okl., 445 P.2d 275, 278 [1968]; *Battle v. Mason,* Okl., 293 P.2d 324, 328 [1955]; *Cooper v. Newcomb,* 73 Okl. 53, 174 P. 1029, 1031 [1918].

bring a post-probate will contest is irretrievably lost unless the quest for relief be brought within the specific period provided in § 67.[24]

The contestant's second petition for post-probate contest was correctly dismissed as untimely brought. The opinion by the Court of Appeals is vacated and the trial court's dismissal order is affirmed.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS and WILSON, JJ., concur.

HODGES and KAUGER, JJ., dissent.

---

**24.** The contestant cites *Williams v. Okla. Nat. Stockyards Co., supra* note 8, and argues that 12 O.S.1981 § 100 should apply both to special proceedings as well as to actions. We agree. *Williams,* which is distinguishable from this case, can bring no comfort to this contestant. The one-year extension invoked in *Williams* was sought to *enlarge* the time for the *commencement of an action* after a previously brought special proceeding had failed otherwise than on the merits. In this case contestant incorrectly argues that § 100 also extends *the time to challenge judicial action*—a will's prior probate.