**The STATE of Oklahoma, Plaintiff/Appellee,**

v.

**Johnny Ray WALLACE, Defendant,**

**and**

**Liberty Bonding Company, Applicant/Appellant.**

**No. 86877.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 25, 1997.

M. Michael Arnett, Oklahoma City, for Applicant/Appellant.

Robert H. Macy, District Attorney, Stephen S. Parkers, Assistant District Attorney, Oklahoma City, for Plaintiff/Appellee.

## MEMORANDUM OPINION

ADAMS, Chief Judge:

Liberty Bonding Company posted a bail bond for Defendant Johnny Ray Wallace. When Wallace failed to appear as ordered, the bond was forfeited. After receiving two stays of execution on the bond forfeiture, Liberty paid the bond amount into court. More than 180 days after receiving notice that the bond was forfeited, Liberty filed an application for remitter under 59 O.S.Supp. 1994 § 1332(D)(2).[1] The trial court found the application for remitter was untimely and therefore denied it. Liberty appeals.

The sole basis for Liberty's appeal is its contention that under § 1332(D)(2) the trial court had the discretion to extend the time

---

1. Section 1332(D)(2) provides:
 After the order and judgment has been paid, the bondsman and if applicable, the insurer, whose risk it is, may file a motion for remitter within one hundred eighty (180) days from receipt of the order and judgment of forfeiture, or mailing of the notice if no receipt is made, and upon the event the defendant is returned to custody within ninety (90) days after payment is due, and all expenses for the defendant's return have been paid by the bondsman, the bondsman's property shall be returned.

limit for filing an application for remitter and should have done so in this instance. Liberty argues that the Legislature's use of the word "may" in this statute gives the trial court the discretion to extend the statutory time limit. We disagree.

As used in this statute, the word "may" refers to an act of the bail bondsman or the insurer, not to any action by the trial court. Under Liberty's contention, the 180-day time limit would be rendered largely nugatory, for the trial court would be free to extend that limitation indefinitely. Read as a whole, this section extends to bail bondsmen and their insurers the ability, if they so choose and can meet the statutory requirements, to obtain a remitter of any assets transferred as a result of a forfeited bail bond if they act within the time limits provided by the statute. This statute, nor any other statute with which we are familiar, makes no provision for an extension of this time limit. Liberty did not act timely, and the trial court's judgment is affirmed.

AFFIRMED.

JONES, P.J., and GARRETT, J., concur.