2006 OK CIV APP 29

**STATE of Oklahoma, Plaintiff/Appellee,**

v.

**Gail EUBANKS, Defendant,**

and

**Roxanna Sellars, Bail Agent/Appellant.**

**No. 101,022.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 14, 2006.

Fred J. Morgan, Assistant District Attorney, Tulsa, OK, for Appellee.

Mark T. Hamby, Bonham & Howard, P.L.L.C., Tulsa, OK, for Appellant.

Opinion by JOHN F. REIF, Judge.

¶ 1 This appeal arises from a proceeding in which bail bond agent Roxanna Sellers sought to recover the money she paid on the forfeiture of the appearance bond for a criminal defendant. Bail bond agent filed a motion to remit bail on March 29, 2004, one hundred and eighty-seven days after the mailing of the judgment of forfeiture. The trial court entered an order remitting bail bond forfeiture on April 6, 2004. The order was approved by the district attorney's of-fice. However, a few days later, the district attorney filed a motion to set aside the order remitting bail. The motion alleged that the bail bond agent's motion to remit was filed beyond the 180–day period provided by 59 O.S.2001 § 1332(D)(2) for seeking remitter of money paid on a forfeiture. In support of the motion, the district attorney cited *State v. Wallace,* 1997 OK CIV APP 28, 940 P.2d 1212, holding a trial court does not have authority to extend the 180–day period for the filing of the motion for remitter. The trial court granted the district attorney's motion to set aside the order remitting the bail, and bail bond agent appeals.

¶ 2 Both in the trial court and here on appeal, bail bond agent has basically argued that the 180–day period for the filing of a motion for remitter is in the nature of a statute of limitations. As such, a bail bond agent's failure to file a motion within the 180–day period does not deprive the court of jurisdiction to hear and decide the motion, but merely furnishes a defense to remitter that can be invoked by the State if timely raised. Bail bond agent points out that the district attorney's office raised no objection to the timeliness of her motion to remit and approved the order remitting the forfeiture. Bail bond agent contends that the district attorney waived any objection/defense to the remitter by failing to raise it prior to the entry of the order for remitter and that a post-judgment motion to vacate cannot resurrect the objection/defense to the remitter.

¶ 3 The State's response relies primarily on the holding of the *Wallace* case that states the trial court has no authority to extend the 180–day filing period. The State asserts that any judgment entered on a motion filed beyond the 180–day period is void.

¶ 4 In deciding the effect of the 180–day time period in § 1332(D)(2), we find the *Wallace* case to be of little help. In that case, the trial court dismissed the bondsman's motion to remit because it was not filed within the statutory period and the Court of Civil Appeals affirmed that dismissal. In stating that neither the language of § 1332(D)(2) nor any other law authorized the trial court to extend the time period, the Court of Civil

Appeals did not decide whether the 180–day period was an "ordinary statute of limitations" governing the commencement of an action, or was a "time bar ... limiting the court's power to entertain the [proceeding to remit]." *See Matter of Estate of Speake,* 1987 OK 61, ¶ 15, 743 P.2d 648, 653. A court does not have authority *to extend* the time limit in either case.

¶ 5 "Whether the statutory period for [seeking a particular form of relief] constitutes a limitation on the exercise of judicial power or a limitation on bringing an action is to be divined from legislative intent." *Id.* at ¶ 16, 743 P.2d at 653 (footnote omitted). In general, "the commencement of a proceeding to vacate, to modify or to reopen a judgment or decree is governed by [the] special time limits [provided and such] *special time limits* attach directly to the *right* created." *Id.* at ¶ 10, 743 P.2d at 651–52 (footnotes omitted). Such time limits "constitute *conditions precedent to the pursuit of the affordable relief* rather than a *limitation on the time to commence an action*." *Id.* at ¶ 10, 743 P.2d at 652 (footnote omitted).

¶ 6 In addition, a statutory time period for seeking relief from prior judicial action will be treated as "a precondition of the court's cognizance" where the statute is "a special enactment, complete in itself, [and] designates the only avenue of relief that may be sought from [the prior decree or judgment]." *Id.* at ¶ 8, 743 P.2d at 651 (footnote omitted). This is particularly true for a statute allowing a challenge to a previous judicial action which "evinces concern for *expediency* in the prosecution of all ... challenges [to the judgment or decree]." *Id.* at ¶ 16, 743 P.2d at 653.

¶ 7 Time periods of a year or less demonstrate such concern for expediency and reflect "a design *to extinguish the contestant's right to challenge* [a particular judgment or decree] and to serve *as a limitation upon the court's power* to hear and determine [such challenges]." *Id.* Stated another way, "time is of the essence both for the exercise of the court's *power* and for the preservation of the *right* [to seek relief]." *Id.* at ¶ 8, 743 P.2d at 651. In such cases,

"[t]he opportunity to bring a post-[judgment] contest is irretrievably lost unless the quest for relief be brought within the specific period provided." *Id.* at ¶ 16, 743 P.2d at 653–54 (footnote omitted).

¶ 8 Applying the foregoing principles to § 1332(D)(2) leads to the conclusion that the 180–day time period provided for the filing of a motion to remit is a condition precedent to the pursuit of the relief of remitter rather than a limitation on the time to commence as action. This section affords a bondsman who has paid a judgment of forfeiture the remedy of reopening the judgment of forfeiture and recovering the amount paid to satisfy the judgment.

¶ 9 This section is a special enactment, complete in itself and designates the only avenue for such extraordinary relief of reopening a judgment after it has been satisfied. The provision of a 180–day period in which to pursue such relief evinces concern for expediency in the prosecution of this relief to reopen a forfeiture judgment and reflects intent that the time limit serve as a limitation on the court's power to hear and determine motions seeking such relief.

¶ 10 We conclude that filing a motion to remit within the 180–day period is a substantive element of a claim for relief under § 1332(D)(2) and failure to file a motion to remit within that time extinguishes the bondsman's right to seek remitter. We hold a bondsman's opportunity to bring a proceeding to reopen a forfeiture judgment and recover money paid to satisfy that judgment is irretrievably lost unless the quest for relief be brought within the specific time period provided by § 1332(D)(2).

¶ 11 The State's motion to set aside the remitter was filed within thirty days of the filing of the judgment of remitter and, therefore, was effective as a "term-time" motion to vacate. *See Schepp v. Hess,* 1989 OK 28, ¶ 7, 770 P.2d 34, 38. "Trial judges enjoy plenary term-time control with 'a very wide and extended discretion' that has been described as 'almost unlimited' [and] unfettered by statutory grounds." *Id.* at ¶ 9, 770 P.2d at 38 (footnotes omitted).

¶ 12 The test "for measuring the legal correctness of a trial court's response to a timely [motion to vacate] is *whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought.*" *Id.* at ¶ 11, 770 P.2d at 39 (footnotes omitted). "Sufficient cause for vacating a [judgment] certainly includes curing errors of law that are fatal to the movant's interest in the outcome of litigation." *Id.* at ¶ 15, 770 P.2d at 40.

¶ 13 In the case at hand, the trial court committed an error of law in entering the judgment remitting the money paid on the forfeiture, because the bail bond agent's right to such relief had been extinguished by not filing a motion to remit within the 180–day period provided by § 1332(D)(2). Curing this error of law provided sufficient cause to support the trial court's exercise of its term-time power to set aside the judgment remitting bail.

¶ 14 Finding no legal error or abuse of discretion by the trial court, the judgment vacating the order remitting bail, entered upon motion by the State, is AFFIRMED.

RAPP, V.C.J., and GABBARD, P.J., concur.