2009 OK CIV APP 25

STATE of Oklahoma, Plaintiff/Appellant,

v.

Edward Dawon RODGERS, Defendant,

and

Monica Richardson–Gaddis, Real Party in Interest/Appellee.

No. 105956.

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 18, 2009.

David A. Cincotta, Assistant District Attorney, Oklahoma City, Oklahoma, for Appellant.

Jeff Eulberg, Robert S. Jackson, Eulberg Law Offices, Oklahoma City, Oklahoma, for Appellee.

DOUG GABBARD II, Presiding Judge.

¶ 1 The State of Oklahoma (State) appeals the trial court's grant of Monica Richardson–Gaddis's (Bondsman) motion for remitter of a $10,000 bond. The issue is whether the Legislature's amendment of 59 O.S. § 1332(D)(2), which increases the time allowed for a bondsman to return a defendant to custody in order to obtain remitter, should be applied.

We hold the amended statute applies, and we affirm.[1]

### UNDISPUTED FACTS

¶ 2 Bondsman posted a $10,000 bond for Edward Dawon Rodgers on August 31, 2004. Rodgers failed to appear for sentencing, and the trial court forfeited the bond on August 15, 2007. Bondsman received notice of the trial court's judgment of forfeiture on August 28, 2007, and paid the forfeiture on November 27, 2007. Bondsman returned Rodgers to custody on April 28, 2008, and immediately filed a motion for remitter of the deposited bond.

¶ 3 When Bondsman received notice of the forfeiture, 59 O.S. § 1332(D)(2) stated:

> After the order and judgment has been paid, the bondsman and if applicable, the insurer, whose risk it is, may file a motion for remitter within one hundred eighty (180) days from receipt of the order and judgment of forfeiture, or mailing of the notice if no receipt is made, and upon the event the defendant is returned to custody within ninety (90) days after payment is due, and all expenses for the defendant's return have been paid by the bondsman, the bondsman's property shall be returned.

Indisputably, Bondsman did not file her motion for remitter, nor return Rodgers to custody, within the time periods required by this version of the statute.

¶ 4 However, the statute was amended. The amended version of 59 O.S. § 1332(D)(2) became effective on November 1, 2007, within the 90–day period for apprehending Rodgers after payment was due, and within the 180–day period for filing a motion for remitter. The amended statute provides:

> After the order and judgment has been paid, the bondsman and if applicable, the insurer, whose risk it is, shall have *one year* from the date payment is due to return the defendant to custody as defined by paragraph 3 of subsection C of this section. In the event the defendant is returned to custody and all expenses for the defendant's return have been paid by

---

1. Along with this decision, this Court is simultaneously issuing decisions in two companion cases, # 105,957 and # 105,958, involving the same issues.

the bondsman or insurer, the bondsman's or insurer's property shall be returned; provided, the request for remitter be made by motion filed within *one year from the date payment is due.* (Emphasis added). Indisputably, Bondsman returned Rodgers to custody and filed her motion for remitter within one year from the date payment was due.

¶ 5 Bondsman asserted that her motion for remitter was timely filed because the amended version of § 1332(D)(2) applied. She argued its application under two alternative theories: (1) it applied *retroactively* because it was in the nature of a statute of limitations; or (2) it applied *prospectively* since the right to request remitter was not triggered until "[a]fter the order and judgment has been paid" and after the bond jumper had been returned, both events occurring after the amended statute became effective. State objected to remitter, asserting the original version of the statute applied because: (1) the statute was triggered by the defendant's failure to appear and/or the filing of the judgment of forfeiture, both of which occurred before the statute was amended; and (2) the amended statute affected substantive rights, not merely procedural ones, and, therefore, could not be applied retroactively.

¶ 6 The trial court granted Bondsman's motion for remitter, stating in its order:

> The statutory change herein affects not a right, but a remedy, i.e. by extending a statute of limitations from 180 days to one year. As Defendant asserts, statutes of limitations are viewed as procedural rather than substantive as was held in *Trinity Broadcasting Corp. v. Leeco Oil Co.,* 692 P.2d 1364 (Okl.1984). Thus, the Court FINDS that the amendment to 59 O.S. 2002 § 1332(D)(2) is procedural and not substantive and that Defendant's Motion for Remitter should be sustained and granted.¶ 7 State appeals.

## STANDARD OF REVIEW

¶ 7 Because the facts of this case are undisputed, and this appeal involves the interpretation and application of a statute, the issues presented are those of law which we review *de novo,* or without deference. *Baptist Bldg. Corp. v. Barnes,* 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69–70; *Wilson v. State ex rel. Dep't of Pub. Safety,* 2000 OK CIV APP 28, ¶ 10, 998 P.2d 1241, 1243.

## ANALYSIS

¶ 8 Oklahoma follows the general rule that statutes are presumed to apply prospectively. *Wilson v. State ex rel. Okla. Tax Comm'n,* 1979 OK 62, ¶ 6, 594 P.2d 1210, 1212. An exception to the rule applies to statutes affecting procedure only; those statutes may be applied retroactively. *Walls v. Am. Tobacco Co.,* 2000 OK 66, ¶ 24, 11 P.3d 626, 631. Statutes of limitation are usually viewed as procedural. *Marley Cooling Tower Co. v. Cooper,* 1991 OK 62, ¶ 8, 814 P.2d 472, 475. In this case, the trial court concluded that § 1332(D)(2) was a statute of limitations.

¶ 9 We recently addressed this issue in *State v. Eubanks,* 2006 OK CIV APP 29, 132 P.3d 641. In that case, the State erroneously approved a trial court's order granting a motion for remitter filed after the 180–day period had expired. The bondsman asserted the 180–day period was in the nature of a statute of limitations and, therefore, the State's failure to argue that the period had expired amounted to waiver. We rejected that argument, stating:

> In general, "the commencement of a proceeding to vacate, to modify or to reopen a judgment or decree is governed by [the] special time limits [provided and such] *special time limits* attach directly to the *right* created." [*Matter of Estate of Speake,* 1987 OK 61] at ¶ 10, 743 P.2d at 651–52 (footnotes omitted). Such time limits "constitute *conditions precedent to the pursuit of the affordable relief* rather than a *limitation on the time to commence an action.*" *Id.* at ¶ 10, 743 P.2d at 652 (footnote omitted).
>
> In addition, a statutory time period for seeking relief from prior judicial action will be treated as "a precondition of the court's cognizance" where the statute is "a special enactment, complete in itself, [and] designates the only avenue of relief that may be sought from [the prior decree or judg-

ment]." *Id.* at ¶ 8, 743 P.2d at 651 (footnote omitted). This is particularly true for a statute allowing a challenge to a previous judicial action which "evinces concern for *expediency* in the prosecution of all … challenges [to the judgment or decree]." *Id.* at ¶ 16, 743 P.2d at 653.

*Id.* at ¶¶ 5–6, 132 P.3d at 643.

¶ 10 As we stated in *Eubanks,* the § 1332(D)(2) time period for filing a motion to remit is a condition precedent to the pursuit of remitter, not a limitation on the time to commence an action. The statutory time period is not a statute of limitations, and the 2007 amended statute cannot be applied retroactively. It must be applied prospectively.

¶ 11 Determining whether a statute's application in a particular situation is prospective or retroactive "depends upon whether the conduct that allegedly triggers the statute's application occurs before or after the law's effective date." *State ex rel. Crawford v. Guardian Life Ins. Co. of Am.,* 1997 OK 10, ¶ 2, 954 P.2d 1235, 1239 (J. Hodges dissenting, quoting *McAndrews v. Fleet Bank of Mass.,* 989 F.2d 13, 16 (1st Cir.1993)). In other words, a statute's application is deemed prospective when it implicates conduct occurring on or after the effective date. *See Cox v. Hart,* 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332 (1922). Even when a later-occurring circumstance depends upon the existence of a prior fact, that interdependence, without more, will not transform an otherwise prospective application into a retroactive one. *New York Cent. & Hudson River R.R. Co. v. U.S.,* 212 U.S. 500, 29 S.Ct. 309, 53 L.Ed. 624 (1909); *see also In re Bartlett,* 168 B.R. 488 (Bankr.D.N.H.1994). A statute is not deemed to operate retroactively simply because its application requires some reference to antecedent facts. *See Cox v. Hart,* 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332. Thus, a statute may modify the legal effect of a present status or alter an existing relationship without being retroactive. "So long as a neoteric law determines status solely for the purpose of future matters, its application is deemed prospective." *McAndrews v. Fleet Bank of Mass.,* 989 F.2d at 16.

¶ 12 In *McAndrews,* a bank leased property pursuant to a lease which provided that the landlord could abrogate the lease if the bank failed, which the bank subsequently did. After the lease was signed, but before the bank failed, Congress passed a statute effectively nullifying such abrogation provisions. The First Circuit Court of Appeals held the statute applied, meaning the landlord could not enforce the abrogation clause. The Court noted that several events "triggered" the abrogation clause—the bank's insolvency, the appointment of a receiver, and the landlord's application of the lease's provision—all of which occurred *after* the statute was passed.

¶ 13 Here, State argues that Rodgers' failure to appear and the filing of the judgment of forfeiture, both of which occurred before the effective date of the amendment, triggered the statute. However, the *McAndrews* court rejected a similar argument, noting that simply because a statute requires a reference to, and depends upon, antecedent facts does not mean the statute operates retroactively. What matters is whether the statute "implicates conduct occurring on or after the effective date," in which case the statute is deemed to be prospective in its application. *Id.*

¶ 14 In this case, Rodgers' failure to appear and the judgment of forfeiture did not trigger Bondsman's right to remitter. Under the original version of the statute, remitter was not triggered until "[a]fter the order and judgment has been paid" and only if a motion for remitter is filed within 180 days of receipt of the order and judgment of forfeiture, and if the bond jumper is returned to custody within 90 days after payment was due. None of these triggering events occurred before November 1, 2007, the effective date of the amended act. Nor had Bondsman's right to request remitter been extinguished before the effective date of the amended statute. Thus, we conclude that the amended version of the statute applies and Bondsman's motion was timely-filed.

¶ 15 In reaching this conclusion, we distinguish the facts of this case from those in *State ex rel. Crawford v. Guardian Life In-*

*surance Co. of America,* cited above. There, Guardian Life Insurance Company of Pennsylvania entered into a reinsurance agreement which provided that credits and debts between a failed insurance company and its reinsurer would be offset so that only the balance was owed. Such an offset was specifically authorized by 36 O.S. § 1928. However, the Oklahoma Legislature subsequently amended § 1928, thereby depriving reinsurers of the right to offset. Guardian Life subsequently failed and a receiver claimed that the amended law should be applied to abrogate the contractual offset provision. The Oklahoma Supreme Court disagreed, holding such an application would be impermissibly retroactive because the parties had vested rights, expectations, and obligations fixed by the reinsurance contract.

¶ 16 Here, State had no vested absolute right to the deposited judgment proceeds as long as Bondsman's right to remitter existed. Applying the amended statute to the time for obtaining remitter does not significantly impair State's substantive rights or disappoint any legitimate expectation which existed prior to the 2007 amendment.

## CONCLUSION

¶ 17 While our analysis differs from the trial court's, we have reached the same result. Therefore, the order granting remitter is affirmed.

¶ 18 AFFIRMED.

RAPP, J., and FISCHER, J., concur.