2011 OK CIV APP 13

The STATE of Oklahoma,
Plaintiff/Appellant,

v.

Ryan Anthony ANDERSON, Defendant,

Safety National Casualty Corporation
and Brian Gainey, Real Parties
in Interest/Appellees.

No. 106,872.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Nov. 5, 2010.

Certiorari Denied Jan. 24, 2011.

David A. Cincotta, Assistant District Attorney, Oklahoma City, OK, for Appellant.

Jeffrey L. Hatfield, Oklahoma City, OK, for Appellees.

LARRY JOPLIN, Presiding Judge.

¶1 Plaintiff/Appellant State of Oklahoma (State) seeks review of the trial court's order vacating a bond forfeiture and directing remitter of sums paid by the Real Parties in Interest/Appellees Safety National Casualty Corporation and Brian Gainey (collectively, Bondsman). In this proceeding, State challenges the trial court's order as contrary to law and affected by an abuse of discretion.

¶2 By information filed December 20, 2006, State charged Defendant Ryan Anthony Anderson with three counts of obtaining property by trick or deception after former conviction of two felonies, for which Defendant was arrested and incarcerated. On January 22, 2007, Defendant appeared for arraignment, and entered pleas of not guilty. On January 26, 2007, Bondsman posted bond for the Defendant in the sum of $45,000.00, and Defendant was released from custody.

¶3 Defendant failed to appear for a Preliminary Hearing Conference on April 6, 2007, and a warrant issued for his arrest. By order filed April 11, 2007, the trial court declared the bond forfeit, and Bondsman received notice of the order of forfeiture the next day. Ninety (90) days after filing of the order of forfeiture, on July 12, 2007, Bondsman deposited the face amount of the bond ($45,000.00) with the Court Clerk.

¶4 In March 2008, an investigator with the Oklahoma Attorney General's office located Defendant in the Tulsa area, and obtained Defendant's arrest. On March 24, 2008, Bondsman filed a notice of Defendant's arrest and an Affidavit of Intent, whereby he agreed to pay all expenses of returning Defendant to Oklahoma County.

¶5 On August 15, 2008, Bondsman filed a motion for return of the money paid some thirteen months earlier in satisfaction of the order of forfeiture. Bondsman also filed a motion to set aside the order of forfeiture. State objected.

¶6 On October 20, 2008, the parties appeared for hearing. The trial court determined the forfeiture could not be set aside absent a showing of "good cause" for Bondsman's failure to return Defendant to custody within ninety days of his initial failure to appear. At a continued hearing on January 21, 2009, Bondsman presented evidence that, shortly after his failure to appear, agents had been dispatched to locate Defendant and return him to custody without success. State presented evidence showing Defendant's apprehension without assistance by Bondsman.

¶7 The trial court held the order of forfeiture "should be set aside, bond exonerated, and the Bondsman's property should be returned." State appeals.

¶8 "The purpose of bail is to secure the appearance of the defendant before the court until judgment and sentence is pronounced." *State of Oklahoma v. Vaughn,* 2000 OK 63, ¶18, 11 P.3d 211, 215. "The burden of showing facts warranting relief from forfeiture is on the party seeking such relief." *Vaughn,* 2000 OK 63, ¶23, 11 P.3d at 216. Ordinarily, the trial court's decision in these cases will not be disturbed on appeal unless affected by an abuse of discretion. *Vaughn,* 2000 OK 63, ¶25, 11 P.3d at 217.

¶9 However, the resolution of this appeal requires the construction and application of 59 O.S. Supp.2002 § 1332, the law in effect at the time of entry of the order of forfeiture. *See, e.g., State v. Fish,* 1987 OK 128, ¶¶4–7, 747 P.2d 956, 958–959. We review the trial court's construction and application of Oklahoma law *de novo,* without deference to the determination of the trial court:

"[I]ssues of statutory construction ... are questions of law that we review under a de novo standard and over which we exercise plenary, independent, and nondeferential authority. We seek harmony, not confusion, in the construction of statutes. Where two acts or parts of acts are reasonably susceptible to a construction that will give effect to both, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict. The Legislature is not presumed to have done a vain or useless act in the promulgation of a statute."

*State v. Tyler,* 2009 OK 69, ¶ 13, 218 P.3d 510, 514. "The primary goal of statutory construction is to ascertain and follow the intent of the legislature." *Stump v. Cheek,* 2007 OK 97, ¶ 9, 179 P.3d 606, 609. (Footnotes omitted.) "The words of a statute will be given their plain and ordinary meaning unless it is contrary to the purpose and intent of the statute when considered as a whole." *Id.*

¶ 10 Since 1976, Oklahoma law has required the forfeiture of a bond when the defendant fails to appear as ordered. 22 O.S. Supp.1976 § 1108[1]; 59 O.S. Supp.1965 § 1330.[2] Prior to 1982, in the event of a bond forfeiture, Oklahoma law granted a bondsman sixty (60) days after notice to file a motion to set aside an order of forfeiture. 59 O.S.1981 § 1332.[3] If the bondsman did not timely file a motion to set aside, or the trial court denied a timely filed motion to set aside, execution issued on the judgment of forfeiture and payment became due, subject only the bondsman's right to appeal. 59 O.S.1981 § 1332(1), (2). If the defendant's failure to appear was the result of being in the custody of another court, or the defendant was surrendered to the trial court within sixty (60) days from the date of the forfeiture order, § 1332(3) authorized vacation of the order of forfeiture "for good cause shown and upon proof there has been no previous forfeiture in the case at issue."

¶ 11 In 1982, the Legislature amended § 1332(3). Under this version, the Legislature authorized vacation of a bond forfeiture on motion of the bondsman "[i]f the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within sixty (60) days from the date of said notice of order of forfeiture," or, "[a]fter the final judgment has been paid, upon the event the defendant is returned to custody by the bondsman, then upon proof that all expenses have been paid by the bondsman,

and justice would not be served by a forfeiture of bail." 59 O.S. Supp.1982 § 1332(3).

¶ 12 In 1984, the Legislature rewrote § 1332, incorporating what had been § 1330 into § 1332(A). By new § 1332(B), the Legislature granted the bondsman the right to "file with the court, within thirty (30) days from the date of notice, a motion to set aside the order of forfeiture, [setting forth] the grounds upon which it relies." 59 O.S. Supp. 1984 § 1332(B). If no motion was filed, or if the motion to set aside was denied, then the order and judgment of forfeiture was final and Bondsman was obligated to then pay the judgment. 59 O.S. Supp.1984 § 1332(C). Section 1332(D) then provided:

> After the final judgment has been paid, upon the event the defendant is returned to custody within thirty (30) days of such final judgment, then upon proof that all expenses have been paid by the bondsman the bondsman's property shall be returned. If the defendant is returned to custody more than thirty (30) days, but within one hundred twenty (120) days, after the final judgment has been paid, the court, upon proof that all expenses have been paid by the bondsman, may order the bondsman's property returned.

59 O.S. Supp.1984 § 1332(D).

¶ 13 In 1987, the Legislature again amended § 1332. As amended, § 1332 provided in pertinent part:

> C. The bail bondsman shall have ninety (90) days from receipt of the order and judgment of forfeiture from the court clerk or mailing of the notice if no receipt is made, to return the defendant to custody.

> D. If the defendant is not returned to custody within ninety (90) days from receipt of the order and judgment of forfeiture from the court clerk, or mailing of the notice if no receipt is made, the bondsman shall deposit cash or other valuable securi-

---

1. *See also,* 22 O.S. Supp.1988 § 1108; 22 O.S. Supp.1989 § 1108.

2. *See also,* 59 O.S.1981 § 1330.

3. "In the event of the forfeiture of a bail bond the clerk of the trial court shall notify the bondsman on said bond who may, within sixty (60) days from the date of such notice, file with the court a

motion set aside the order of forfeiture which motion shall contain the grounds upon which it relies. If the bondsman fails to file said motion within the sixty (60) days, the forfeiture shall become a final judgment and the clerk shall immediately issue execution upon the undertaking in accordance with law."

ties in the face amount of the bond with the court clerk ninety-one (91) days from receipt of the order and judgment of forfeiture from the court clerk, or mailing of the notice if no receipt is made.

E. .... After the order and judgment has been paid, the bondsman may file a motion for remitter within one hundred eighty (180) days from receipt of the order and judgment of forfeiture, or mailing of the notice if no receipt is made, and upon the event the defendant is returned to custody within ninety (90) days after payment is due or upon proof to the court that the defendant is still in custody and all expenses have been paid by the bondsman, the bondsman's property shall be returned. The court shall hear the motion for remitter within thirty (30) days from filing of the motion....

59 O.S. Supp.1987 § 1332. The 1991 and subsequent versions, until 1995, did not substantially change except for numbering. *See,* 59 O.S.1991 § 1332(C), (D), (E)(3); 59 O.S. Supp.1994 § 1332(C)(1), (2), (D)(1), (2), (E)(1), (2).

¶ 14 Again in 1995, the Legislature rewrote § 1332(C) and (D). These sections then provided:

C. 1. The bail bondsman shall have ninety (90) days from receipt of the order and judgment of forfeiture from the court clerk or mailing of the notice if no receipt is made, to return the defendant to custody.

2. When the court record indicates that the defendant is returned to custody in the jurisdiction where forfeiture occurred, within the ninety-day period, the court clerk shall enter a minute vacating the forfeiture and exonerating the bond. If the defendant has been timely returned to custody, but this is not reflected by the

court record, the court shall vacate the forfeiture and exonerate the bond.

. . . .

5. The court may, in its discretion, vacate the order of forfeiture and exonerate the bond where good cause has been shown for:

a. the defendant's failure to appear, or

b. the bondsman's failure to return the defendant to custody within the required ninety (90) days.

D.1. If, within ninety (90) days from receipt of the order and judgment of forfeiture from the court clerk, or mailing of the notice if no receipt is made:

a. the defendant is not returned to custody, or

b. the forfeiture has not been stayed,

the bondsman and if applicable the insurer, whose risk it is, shall deposit cash or other valuable securities in the face amount of the bond with the court clerk ninety-one (91) days from receipt of the order and judgment of forfeiture from the court clerk, or mailing of the notice if no receipt is made; . . . .

2. After the order and judgment has been paid, the bondsman and if applicable, the insurer, whose risk it is, may file a motion for remitter within one hundred eighty (180) days from receipt of the order and judgment of forfeiture, or mailing of the notice if no receipt is made, and upon the event the defendant is returned to custody within ninety (90) days after payment is due, and all expenses for the defendant's return have been paid by the bondsman, the bondsman's property shall be returned.

In this respect, at the time of filing of the order of forfeiture in the present case, § 1332(C) and (D) had not substantially changed. 59 O.S. Supp.2002 § 1332.[4, 5]

---

4. Emergency, effective June 4, 2002.

5. Effective November 1, 2007, the Legislature amended § 1332(D)(2) to grant bondsmen "one year from the date payment is due to return the defendant to custody," but required the bondsman's filing of the motion for remitter "within one year from the date payment is due":

After the order and judgment has been paid, the bondsman and, if applicable, the insurer whose risk it is shall have one year from the

date payment is due to return the defendant to custody as defined by paragraph 3 of subsection C of this section. In the event the defendant is returned to custody and all expenses for the defendant's return have been paid by the bondsman or insurer, the bondsman's or insurer's property shall be returned; provided, the request for remitter be made by motion filed within one year from the date payment is due.

¶ 15 As we view the history of § 1332, it appears reasonably clear that the Legislature has always recognized different remedies for the bondsman who has not paid the forfeiture and the bondsman who has paid. That is to say, the 1982 version of § 1332(3) recognized only two circumstances under which a bondsman might obtain relief, one prior to payment ("[i]f the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within sixty (60) days from the date of said notice of order of forfeiture"), and one "[a]fter the final judgment has been paid, upon the event the defendant is returned to custody by the bondsman, then upon proof that all expenses have been paid by the bondsman, and justice would not be served by a forfeiture of bail." In the 1984 version, the Legislature placed the pre-payment remedy in § 1332(C) and the post-payment remedy in § 1332(D).

¶ 16 In 1987, the Legislature left the pre-payment remedy in § 1332(C), put the post-payment remedy in § 1332(D) and (E), and extended the time, after payment, to obtain defendant's return to custody and to file a motion for remitter of the paid forfeiture. That is, in § 1332(D) and (E), the Legislature permitted remitter of the bondsman's paid forfeiture if, within 90 days of payment, the bondsman obtained defendant's return to custody and paid expenses.

¶ 17 Then, in 1995, the Legislature again amended § 1332. In § 1332(C) of this version, the Legislature specifically granted the trial courts the discretion to set aside a bond forfeiture *before* payment if good cause was shown for either defendant's failure to appear or the bondsman's failure to return the defendant to custody within ninety days of the order of forfeiture. In § 1332(D), the Legislature again granted bondsman the remedy of remitter *after* payment *if* defendant was returned to custody within 90 days of payment *and* the bondsman paid expenses.

¶ 18 In *State v. Torres*, 2004 OK 12, 87 P.3d 572, the Supreme Court said: "After the ninety-day grace period has expired, the trial court retains discretion to vacate the bond forfeiture under the provisions of § 1332(C)(5) [on] a showing of good cause for the defendant's failure to appear [or] where the bondsman presents evidence demonstrating good cause for his or her failure to return the defendant to custody within ninety days." 2004 OK 12, ¶ 25, 87 P.3d at 582. However, in *Torres*, the bondsman had *not* paid the forfeiture. The quoted passage cannot, therefore, be read to stand for the proposition that the trial court retains the discretion, for time immemorial, to set aside a bond forfeiture.

¶ 19 Furthermore, to read § 1332(C) as granting such unending discretion would render the provisions of § 1332(D) meaningless. That is to say, if the trial court retains discretion to set aside a bond forfeiture at any time, the provisions of § 1332(D)(1) for payment of the forfeiture on the ninety-first day after the forfeiture order, and of § 1332(D)(2) for remitter upon defendant's return to custody within 90 days payment is due, have no meaning, and we will not presume the Legislature to have done such a vain and useless thing.

¶ 20 Clearly, under § 1332(C) and (D), if the bondsman obtains a stay of the order of forfeiture, he is not obligated to pay the forfeiture on the ninety-first day after the forfeiture order. In such a circumstance, § 1332(C) grants the trial court the discretion to set aside the forfeiture on good cause shown for defendant's failure to appear or bondsman failure to obtain defendant's appearance within 90 days of the order of forfeiture.

¶ 21 However, under § 1332(D), once the bondsman has paid the forfeiture, the defendant must be returned to custody within 90 days, *and* the bondsman must file a motion for remitter within 180 days of defendant's return to custody in order to obtain a return of the money paid. As the Court of Civil Appeals has recognized:

[T]he 180–day time period provided for the filing of a motion to remit [in § 1332(D)(2) ] is a condition precedent to the pursuit of the relief of remitter rather than a limitation on the time to commence an action. This section affords a bondsman who has paid a judgment of forfeiture the remedy of reopening the judgment of forfeiture and recovering the amount paid to satisfy the judgment.

This section is a special enactment, complete in itself and designates the only avenue for such extraordinary relief of reopening a judgment after it has been satisfied. The provision of a 180–day period in which to pursue such relief evinces concern for expediency in the prosecution of this relief to reopen a forfeiture judgment and reflects intent that the time limit serve as a limitation on the court's power to hear and determine motions seeking such relief.

We conclude that filing a motion to remit within the 180–day period is a substantive element of a claim for relief under § 1332(D)(2) and failure to file a motion to remit within that time extinguishes the bondsman's right to seek remitter. We hold a bondsman's opportunity to bring a proceeding to reopen a forfeiture judgment and recover money paid to satisfy that judgment is irretrievably lost unless the quest for relief be brought within the specific time period provided by § 1332(D)(2).

*State v. Eubanks*, 2006 OK CIV APP 29, ¶¶ 8–10, 132 P.3d 641, 643–644.

¶ 22 In the present case, the Defendant was not returned to custody either within the first ninety days after the order of forfeiture, or within ninety days after Bondsman's payment of the forfeiture, and the record does not bear out that Bondsman sought or obtained an order staying the forfeiture. Bondsman did not timely file his motion for remitter within one hundred eighty days of the date of payment. Under these circumstances, we hold neither § 1332(C) nor § 1332(D) authorized the setting aside of the bond forfeiture or the remission of the monies paid.

¶ 23 The order of the trial court is REVERSED.

BELL, V.C.J., and MITCHELL, J., concur.