2012 OK 31

**The STATE of Oklahoma, Appellant,**

v.

**Michael Lynn TATE, Defendant,**

**and**

**Adrion Bradford, Jr., (Bondsman), Real Party in Interest/Appellee.**

**No. 108,513.**

Supreme Court of Oklahoma.

April 10, 2012.

---

David W. Prater, District Attorney, and David A. Cincotta, Assistant District Attorney, Oklahoma City, Oklahoma, for the Appellant.

Jeff Eulberg, Eulberg Law Offices, Oklahoma City, Oklahoma, for Appellee.

EDMONDSON, J.

¶1 We granted certiorari to address the first-impression question whether a bail

bondsman's failure to timely pay the order and judgment of forfeiture within ninety-one (91) days after receipt of notice prevents the bondsman from seeking remitter of forfeiture proceeds after returning the defendant to custody pursuant to § 1332(D)(2). Here, the bondsman paid the judgment of forfeiture on the ninety-second day after receipt of notice of forfeiture. The facts are stipulated.

¶ 2 The defendant's bail was set at $6,500.00 and the bondsman posted a surety bond for that amount on June 1, 2009.[1] On January 25, 2010, the defendant failed to appear at a scheduled preliminary hearing and the trial judge ordered the surety bond forfeited and a warrant issued for the defendant's arrest.[2] The bail bondsman received a copy of the order and judgment of forfeiture on February 22, 2010. The statute provides that the bondsman shall have ninety (90) days from receipt of the order and judgment of forfeiture to return the defendant to custody, and if so returned, the forfeiture shall be vacated and the bond exonerated. 59 O.S. § 1332(C)(1)(2).

¶ 3 If the defendant is not returned to custody within ninety (90) days from receipt of the order and judgment of forfeiture and if the forfeiture has not been stayed, § 1332(D)(1) provides that the bondsman shall deposit cash or other valuable securities in the face amount of the bond with the court clerk ninety-one (91) days after receipt of the order and judgment of forfeiture.[3] The defendant was not returned to custody within ninety days, and the bondsman did not deposit cash or other securities with the court clerk on or before the ninety-first day. The bondsman posted the face amount of the bond with the court clerk ninety-two (92) days after receiving notice of forfeiture.

¶ 4 When the bondsman does not deposit cash or securities with the court clerk on or

before the ninety-first day, the procedure to be followed is set out at § 1332(D)(3) and (4), which provides, in pertinent part:

3. If the additional cash or securities are not deposited with the court clerk on or before the ninety-first day after the date of service of the order and judgment of forfeiture ... then the court clerk shall notify the Insurance Commissioner by sending a certified copy of the order and judgment of forfeiture and proof that the bondsman and, if applicable, the insurer have been notified by mail with return receipt requested.

4. The Insurance Commissioner shall:

a. in the case of a surety bondsman, immediately cancel the license privilege and authorization of the insurer to do business within the State of Oklahoma and cancel the appointment of all surety bondsman agents of the insurer who are licensed by Section 1301 et seq. of this title, and

b. in the case of a professional bondsman, withdraw the face amount of the forfeiture from the deposit provided in Section 1306 of this title. The Commissioner shall then immediately direct the professional bondsman ... to make additional deposits to bring the original deposits to the required level. Should the professional bondsman, after being notified, fail to make an additional deposit within ten (10) days from the receipt of notice ... the license shall be revoked and all sums presently on deposit shall be held by the Commissioner to secure the face amounts of bonds outstanding. Upon release of the bonds, any amount of deposit in excess of the bonds shall be returned to the bondsman....

The docket reflects that on May 25, 2010, the court clerk sent notice to the Insurance Commissioner that the bond forfeiture was not timely paid. Tr. p. 37.

1. Safety National Casualty Corporation was the surety.

2. Title 59 O.S. § 1332 is the statutory forfeiture procedure. It provides, in pertinent part:

A. If there is a breach of an undertaking, the court ... shall issue an arrest warrant for the defendant and declare the undertaking ... deposited as bail, forfeited on the day the defendant failed to appear. In the event of ... forfeiture ... the clerk of the trial court shall, within thirty (30) days after the forfeiture ... mail a true and

correct copy of the order and judgment of forfeiture to the bondsman.

3. 59 O.S. § 1332(D)(1) provides, in pertinent part:

If, within ninety (90) days from receipt of the order and judgment of forfeiture ... the defendant is not returned to custody ... the bondsman ... shall deposit cash or other valuable securities in the fact amount of the bond with the court clerk ninety-one (91) days from receipt of the order and judgment of forfeiture....

¶ 5 The defendant was returned to custody on June 3, 2010, and the bondsman filed a motion for remitter on June 8, 2010, asking the district court to set aside the forfeiture, exonerate the bond and remit to the bondsman the $6,500.00 deposited with the court, pursuant to § 1332(D)(2). Section 1332(D)(2) provides that after the judgment of forfeiture has been paid, the bondsman shall have one year from the date payment is due to return the defendant to custody. If the defendant is so returned, the bondsman's property shall be returned, provided that the request for remitter is made by motion filed within one year from the date payment was due.[4] The State filed a written objection to the bondsman's motion, arguing that the bondsman must prove compliance with § 1332(D)(1), by depositing the face amount of the bond within ninety-one (91) days after receipt of notice, in order to seek remitter pursuant to § 1332(D)(2). The State also argued that under these circumstances the trial judge was without authority to vacate the forfeiture judgment and exonerate the bond.[5]

 ¶ 6 On July 18, 2010, the trial judge conducted a hearing at which she granted the bondsman's motion for remitter, ordered return of the money deposited and vacated the order and judgment of forfeiture. The State appealed and the Court of Civil Appeals affirmed the trial court. We granted the State's petition for certiorari to determine whether deposit of the face amount of the bond by the ninety-first day after notice of forfeiture, as required by 59 O.S. § 1332(D)(1), is a condition precedent to seeking the relief of remitter provided by 59 O.S. Supp.2008 § 1332(D)(2). We answer in the affirmative.

 ¶ 7 The issue presented is one of statutory construction, which is a question of law. Questions of law are reviewed de novo. *State ex rel. Okla. State Dept. of Health v. Robertson,* 2006 OK 99 ¶ 5, 152 P.3d 875, 877.

The fundamental rule of statutory construction is to ascertain the intent of the legislature. *Jackson v. Independent School Dist. No. 16,* 1982 OK 74, 648 P.2d 26, 29. Words and phrases of a statute are to be understood and used not in an abstract sense, but with due regard for context, and they must harmonize with other sections of the Act.

¶ 8 In *State v. Van Lear,* 1991 OK CIV APP 70, 813 P.2d 555, the identical issue was presented. The bondsman deposited the amount of the bond, allegedly one day late, and argued that timely deposit of the face amount of the bond with the court clerk was not required in order to obtain remitter. The Court of Civil Appeals determined that the judgment of forfeiture was timely paid, so they did not address the issue. They held that the trial court erred by counting the day on which was notice was received. When the date of receipt was not counted, the deposit was made on the ninety-first day, as required by the statute.

 ¶ 9 Bond forfeiture is a statutory procedure established by the Oklahoma legislature. Since the Constitution requires that certain people charged with crimes be released on bail, it is within the powers granted the legislature to enact laws both procedural and substantive that protect, facilitate, regulate and promote appropriate enforcement of the people's right to bail. *State v. Brown,* 1993 OK CIV APP 82, 853 P.2d 793, 797.

¶ 10 The State argues that the Court of Civil Appeals has strictly interpreted subsection (D)(2) of § 1332 to require timely filing of the motion for remitter in order to obtain remitter, and that subsection (D)(1) should likewise be interpreted to require compliance with the time limit of ninety-one days. In *State v. Wallace,* 1997 OK CIV APP 28, 940 P.2d 1212, the bondsman filed a motion for remitter beyond the statutory one hundred eighty (180) days then allowed, and the Court of Civil Appeals ruled that the trial court did not have discretion to extend the statutory

---

4. 59 O.S. Supp.2008 § 1332(D)(2) provides in pertinent part:
 After the order and judgment has been paid, the bondsman ... shall have one year from the date payment is due to return the defendant to custody ... In the event the defendant is returned to custody and all expenses for the defendant's return have been paid by the

bondsman, ... the bondman's ... property shall be returned; provided, the request for remitter be made by motion filed within one year from the date payment is due. Laws 2007, c. 97, § 1, eff. Nov. 1, 2007.

5. Because of our disposition of this case, we do not address State's second argument.

time limit for filing the motion. They said that the statute extends to bail bondsmen the ability, if they so choose and can meet the statutory requirements, to obtain a remitter of any assets transferred as a result of a forfeited bail bond if they act within the time limits provided by the statute.

■ ¶ 11 In *State v. Eubanks*, 2006 OK CIV APP 29, 132 P.3d 641, 643, the Court of Civil Appeals described remitter as a proceeding to vacate, modify or reopen a judgment, governed by the special time limits provided for such proceedings. Where the statute is a special enactment that designates the only avenue of relief that may be sought from the prior decree or judgment, the statutory time period for seeking relief will be treated as a precondition of the court's cognizance. They held that the bondsman's opportunity to bring a proceeding to reopen a forfeiture judgment and recover money paid to satisfy the judgment is irretrievably lost unless the quest for relief is brought within the time specified.

■ ¶ 12 In *State v. Anderson*, 2011 OK CIV APP 13, 247 P.3d 294, *cert. denied* (Jan. 24, 2011), the Court of Civil Appeals looked at the history of the bond forfeiture statute as a means of determining legislative intent. They observed that the legislature has always recognized different remedies for bondsmen who have paid the forfeiture judgment and those who have not; that is, that the legislature has always recognized a prepayment remedy and a postpayment remedy. Prior to 1987, the remedy of remitter was not provided in the forfeiture statute. Title 59 O.S. Supp.1982 § 1332(3), for example, recognized only two circumstances under which a bondsman might find relief from forfeiture: prior to payment, by returning the defendant to custody within the sixty-day time frame, or, after the judgment has been paid, by

returning the defendant to custody upon proof that all expenses have been paid by the bondsman and justice would not be served by a forfeiture of bail. 247 P.3d at 298. In 1987, the legislature left the prepayment remedy, extended the time after payment to obtain the defendant's return to custody and permitted the bondsman to file a motion for remitter of the paid forfeiture if the defendant was so returned. In 1995, the legislature amended § 1332 to grant the trial court discretion to set aside a bond forfeiture before payment if good cause was shown for either defendant's failure to appear or the bondsman's failure to return the defendant to custody within ninety days after the order of forfeiture. If the bondsman obtained a stay of forfeiture, then he was not obligated to pay the forfeiture on the 91st day. Once the bondsman has paid the forfeiture, however, the defendant *must* be returned to custody within the statutory time period and the bondsman *must* file the motion for remitter within the statutory time period. 247 P.3d at 298. This Court strictly interpreted the statutory time frame for filing the motion to set aside provided in 59 O.S.1965–1970 § 1332.[6] *Russell v. State*, 1971 OK 117 ¶ 25, 488 P.2d 1264.

¶ 13 We are required to give meaning to a statute as a whole and interpret it so that one section does not defeat the purpose of the another. The bond forfeiture statute has been amended many times. The present alignment or arrangement of subsections 1 through 3 of § 1332(D) occurred in 1993 and 1994.[7] Previously, the bondsman's remedy of remitter was placed in an entirely different subsection, (E)(3). Thus, it was placed separately from subsection D, which required payment within ninety-one days from receipt of the judgment and notification of the Insurance Commissioner in the event of bondsman's failure to so pay.[8]

---

6. 59 O.S.1971 § 1332. **Notice of forfeiture—Motion to set aside.**—In the event of the forfeiture of a bail bond the clerk of the trial court shall notify the bondsman on said bond who may, within thirty (30) days from the date of such notice, file with the court a motion to set aside the order of forfeiture which motion shall contain the grounds on which it relies. If the bondsman fails to file said motion within the thirty (30) days, the forfeiture shall become a final judgment and the clerk shall immediately

issue execution upon the undertaking in accordance with law.

7. Laws 1993, Ch. 170, § 7, eff. Sept. 1, 1993; Laws 1994, Ch. 331, § 4, eff. Sept. 1, 1994.

8. The 1991 statute provided, in pertinent part:

D. If the defendant is not returned to custody within ninety (90) days from receipt of the order and judgment of forfeiture ...... the bondsman ... shall deposit cash or other valu-

¶ 14 These legislative amendments in re-organization of the forfeiture statute are indicative of legislative intent. The current placement of subsections (D)(1), (2) and (3) suggests the intent to prescribe limited specific conditions under which remitter may be sought by a bondsman. At the same time, the legislature extended the time during which the bondsman may return the defendant to custody and seek remitter of his property pursuant to (D)(2). Thus, the legislature gave the bondsman more time to return the defendant to custody and seek remitter of his proceeds, if he follows the statutory procedure. Bearing in mind that remitter was not a remedy originally available to the bondsman, we choose to strictly interpret those provisions based on the history of the forfeiture statute and the alignment of its provisions by the legislature.

¶ 15 Under the current forfeiture statute, unless the bondsman complies with (D)(1), he may not may seek the remitter provided in (D)(2). Integral to the statutory procedure applicable to this case is deposit of the face amount of the bond with the court clerk by the ninety-first day. If not so deposited, the Insurance Commissioner is notified and the matter proceeds according to § 1332(D)(3). The trial court erred in granting the bondsman's motion for remitter.

able securities in the face amount of the bond with the court clerk ninety-one (91) days from receipt of the order and judgment of forfeiture ...

If the additional cash or securities are not deposited with the court clerk on or before the ninety-first day after the date of service of the order and judgment of forfeiture ... then the court clerk shall notify the Insurance Commissioner by sending a certified copy of the order and judgment of forfeiture and proof that the bondsman and, if applicable the insurer have been notified by mail with return receipt requested. The Insurance Commissioner shall:

1. In the case of a surety bondsman immediately cancel the license privilege and authorization of the insurer to do business within the State of Oklahoma and cancel the appointment of all surety bondsman agents of the insurer who are licenced by Section 1301 et seq. of this title.

2. In the case of a professional bondsman, withdraw the face amount of the forfeiture from the deposit provided in Section 1306 of this title. The Commissioner shall then immediately direct the professional bondsman ... to make additional deposits to bring the original deposits to the required level. Should the professional bondsman, after being notified, fail to make an addi-

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED.

¶ 16 ALL JUSTICES CONCUR.

tional deposit within ten (10) days from the receipt of notice ....the license shall be revoked and all sums presently on deposit shall be held by the Commissioner to secure the face amounts of bonds outstanding. Upon release of the bonds, any amount of deposit in excess of the bonds shall be returned to the bondsman....

E. 1. If the defendant's failure to appear was the result of being in the custody of a court other than the court in which is appearance was scheduled, forfeiture shall not lie.

2. Where the defendant is in the custody of another court, the district attorney ... shall direct a hold order to the official ... wherein the defendant is in custody ...

3. After the order and judgment has been paid, the bondsman may file a motion for remitter within one hundred eighty (180) days from receipt of the order and judgment of forfeiture ... and, upon the event the defendant is returned to custody within ninety (90) days after payment is due, or upon proof to the court that the defendant is still in the custody in the other jurisdiction and that all expenses have been paid by the bondsman, the bondsman's property shall be returned. The court shall hear the motion for remitter within thirty (30) days from the filing of the motion.