2012 OK CIV APP 90

**Bill PIPHER, d/b/a Arrow–Askins Bail Bonds, Plaintiff/Appellee,**

v.

**Tammy Lynn ROWLAND, Defendant/Appellant.**

No. 108,192.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 13, 2012.

---

Jeff Eulberg, Eulberg Law Offices, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Doug Aldridge, Oklahoma City, Oklahoma, for Defendant/Appellant.

LARRY JOPLIN, Vice–Chief Judge.

¶1 Defendant, Tammy Lynn Rowland (Rowland), seeks review of the trial court's order entering judgment in favor of Plaintiff, Bill Pipher, d/b/a Arrow–Askins Bail Bonds (Bondsman), on Bondsman's small claims action to recover damages for breach of Rowland's indemnity agreement with Bondsman.

¶2 In this appeal, Rowland asserts the trial court erred in entering judgment in favor of Bondsman because Bondsman failed to mitigate his damages.

¶3 Having reviewed the record, this Court finds no error. Consequently, the order of the trial court is affirmed.

¶4 The facts are undisputed.[1] Rowland entered into an agreement with Bondsman to post bond for her in Oklahoma County Case No. CM–2005–1166. Bondsman posted a surety bond in the amount of $2,000.00. On August 7, 2008, Rowland failed to appear for court and, on August 20, 2008, Rowland received an Order and Judgment of Forfeiture (the Order).[2]

¶5 Bondsman paid the $2,000.00 amount of bond forfeiture to the Oklahoma County Court Clerk on the 93rd day following his receipt of the Order.[3] On July 14, 2009, Rowland was returned to custody in Oklahoma County. Bondsman expended the sum of $121.00 to reimburse the Oklahoma County Sheriff for its expenses in transporting Rowland to Oklahoma County.

¶6 As a result of his failure to pay the amount of the bond forfeiture into court on or before the 91st day following his receipt of the Order, Bondsman was assessed a fine in the amount of $450.00 by the Oklahoma Insurance Commission.[4]

¶7 Bondsman filed a Motion to Vacate Bond Forfeiture and Remit. Thereafter, the trial court entered an Order Denying Bondsman's Motion to Vacate Forfeiture and Remit [Order Denying Motion to Vacate]. In the Order Denying Motion to Vacate, the trial court found that but for Bondsman's failure to timely deposit the face amount of the bond with the court clerk, he would have been entitled to pursuant to 59 O.S. Supp. 2008 § 1332(D)(2), a remitter, or return to him of the $2,000.00 he paid into court as a result of Rowland's bond forfeiture.[5]

1. These facts are reflected in the Final Narrative Statement of Trial.

2. 59 O.S.2001 § 1332(C)(1) provides:

The bail bondsman shall have ninety (90) days from receipt of the order and judgment of forfeiture from the court clerk or mailing of the notice if no receipt is made, to return the defendant to custody.

3. Section 1332(D) provides, in part:

1. If, within ninety (90) days from the receipt of the order and judgment of forfeiture from the court clerk, or mailing of the notice if no receipt is made, the defendant is not returned to custody, or the forfeiture has not been stayed, the bondsman and, if applicable, the insurer whose risk it is shall deposit cash or other valuable securities in the face amount of the bond with the court clerk ninety-one (91) days from receipt of the order and judgment of forfeiture from the court clerk, or mailing of the notice if no receipt is made; provided, this provision shall not apply if the defendant has been returned to custody within the ninety-day period and the court has failed to vacate the forfeiture pursuant to paragraphs 2 through 5 of subsection C of this section.

2. After the order and judgment has been paid, the bondsman and, if applicable, the insurer whose risk it is shall have one year from the date payment is due to return the defendant to custody as defined by paragraph 3 of subsection C of this section. In the event the defendant is returned to custody and all expenses for the defendant's return have been paid by the bondsman or insurer, the bondsman's or insurer's property shall be returned; provided, the request for remitter be made by motion filed within one year from the date payment is due.

4. Section 1332(D)(3) provides:

3. If the additional cash or securities are not deposited with the court clerk on or before the ninety-first day after the date of service of the order and judgment of forfeiture from the court clerk, or mailing of the notice if no receipt is made, then the court clerk shall notify the Insurance Commissioner by sending a certified copy of the order and judgment of forfeiture and proof that the bondsman and, if applicable, the insurer have been notified by mail with return receipt requested.

5. In *State v. Tate*, 2012 OK 31, 276 P.3d 1017, decided April 10, 2012, the Supreme Court held

¶ 8 Bondsman filed the present small claims action and, in his Affidavit, he alleged Rowland was indebted to him in the sum of $4,572.00 regarding her bond. He later filed an Alias Affidavit making the same allegations.

¶ 9 According to the narrative statement, at trial, Bondsman argued Rowland breached her obligation under the indemnity agreement and should be required to reimburse him for the bond forfeiture. Rowland argued Bondsman's failure to follow the statutory procedure for remitter was a failure to mitigate his damages under the indemnity agreement and a forfeiture of his right to relief under it.

¶ 10 The trial court entered its Journal Entry of Judgment wherein it found, among other things:

7. That (Bondsman's) failure to follow statutory requirements which would have rendered him eligible for remitter of the $2,000.00 bond amount does not constitute a failure on the part of (Bondsman) to mitigate his damages resulting from (Row-

land's) breach of the contract for bail she entered with (Bondsman).

¶ 11 It entered judgment in favor of Bondsman in the sum of $2,121.00, together with court costs in the sum of $206.00, an attorney fee of $212.00 and interest "as allowed by law." Rowland appeals.

¶ 12 Once again, Rowland asserts the trial court erred in finding Bondsman's failure to follow statutory requirements, which would have rendered him eligible for remitter of the $2,000.00 bond amount, did not constitute a failure to mitigate his damages resulting from her breach of the indemnity agreement.

¶ 13 Specifically, Rowland argues that but for Bondsman's failure to pay the face amount of the bond forfeiture by the 91st day, Bondsman would not have suffered a loss. However, Rowland does not contend she did not breach the indemnity agreement.[6] Clearly, Rowland breached the indemnity agreement by failing to appear for court. Therefore, she is liable to Bondsman under the bond agreement in the amount of $2,000.00 and for reimbursement of $121.00

---

that under the current forfeiture statute (59 O.S. 2001 § 1332), unless a bondsman complies with § 1332(D)(2),—payment by the bondsman of cash in the face amount of the bond within 91 days from receipt of the order and judgment of forfeiture—he may not seek remitter.

**6.** The Indemnity Agreement, or bail bond contract, between Bondsman (Surety) and Rowland (Principal) provides, in part:

NOW THEREFORE, in consideration of the premises and the sum of ten dollars and other valuable consideration in hand paid, receipt of which is hereby acknowledged, the Principal and Indemnitor hereby undertake, agree and bind themselves, their legal representatives successors and assigns as follows, to-wit:

3. To indemnify and save Surety harmless from and against every and all claim, demand, liability, expenses, damages, attorneys fees, judgments and losses that Surety may for any cause at any time sustain or incur by reason of the making, filing, posting, and/or execution of the Bond; that an itemized statement of such expenses, sworn to by the Surety herein, shall be acceptable as prima facie evidence of the fact and extent of such expenses in any and all suits hereunder, to pay Surety immediately upon declaration of forfeiture of bail bond the total amount of the Bond.

4. To reimburse Surety in addition for all expenses and liabilities as a result of searching for, recapturing or returning Principal to custody, incurred by Surety as necessary in apprehending or endeavoring to apprehend Principal, together with any and all attorney fees incurred by Surety in making application to the Court for an order to vacate or set aside an order of forfeiture or judgment entered thereon. . . .
* * * *

11.2 It is understood and agree that the happening of any one of the following events shall constitute a breach of Principal's obligations to Surety hereunder, and Surety shall have the right to forthwith apprehend, arrest, and surrender Principal, and Principal shall have no right to any refund of premium whatsoever. Said events which, among other possible events, shall constitute a breach of Principal's obligations hereunder are:
(c) If Principal shall commit any act which shall constitute reasonable evidence of Principal's intention to cause a forfeiture of the Bond.
(g) If the Principal fails to appear for any court hearings in any case in which the Principal is charged with an (sic) criminal offense.

in transportation expenses to return Rowland to the jurisdiction.

¶ 14 AFFIRMED.

BUETTNER, P.J., and GOREE, J., concur.