2014 OK CIV APP 108

**CHISHOLM TRAIL CONSTRUCTION, L.L.C., an Oklahoma limited liability company, and Terry Kutcher, Plaintiffs/Appellants,**

v.

**Karen MUEGGEBURG, in her capacity as the County Treasurer of Kingfisher County, Oklahoma, the Board of Commissioners for Kingfisher County, Oklahoma, and Fox Run Property, LLC, Defendants/Appellees.**

No. 112,939.

Court of Civil Appeals of Oklahoma, Division No. 2.

Nov. 19, 2014.

Justin Lamunyon, Lamunyon Law Firm, P.C., Enid, Oklahoma, for Plaintiffs/Appellants.

Mike Fields, District Attorney, Brian D. Slabotsky, Assistant District Attorney, Kingfisher County Courthouse, Kingfisher, Oklahoma, for Defendants/Appellees Karen Mueggeburg, Kingfisher County Treasurer and the Kingfisher County Board of Commissioners and C. Russell Woody, Elizabeth A. Price, Hartzog Conger Cason & Neville, Oklahoma City, Oklahoma, for Defendant/Appellee Fox Run Property, LLC.

KEITH RAPP, Judge.

¶ 1 The plaintiffs, Chisholm Trail Construction, L.L.C. (Chisholm) and Terry Kutcher (Kutcher) appeal a judgment dismissing their action against Karen Mueggeburg in her official capacity as the County Treasurer of Kingfisher County, Oklahoma (Treasurer), The Board of County Commissioners for Kingfisher County, Oklahoma (Board) and Fox Run Property, LLC (Fox Run).

## BACKGROUND

¶ 2 The parties do not have a dispute about the facts.

¶ 3 Chisholm owned a tract in Cashion, Kingfisher County, Oklahoma. Kutcher is the manager of Chisholm and the prior owner of the property. The *ad valorem* taxes were not paid.

¶ 4 On June 10, 2013, the Treasurer sold the property for the taxes. Fox Run purchased the property and the Treasurer issued a tax resale deed to Fox Run. Fox Run then sued to quiet title. According to the Record here, that action was pending when Chisholm and Kutcher filed the case under review seeking to set aside the tax resale deed.

¶ 5 The plaintiffs maintained that the Treasurer failed to follow statutory procedure because the Treasurer did not first purchase the property in the name of the Treasurer and hold it for more than two years before selling it to Fox Run in a tax resale. The

plaintiffs relied upon the provisions of 68 O.S.2011, § 3133(a)(4).[1]

¶ 6 The defendants moved to dismiss for failure to state a claim. They agreed that the Treasurer did not first purchase the property before selling it to Fox Run. They maintained that the 2008 amendments to the Tax Code eliminated the requirement for a prior sale to the Treasurer. They argued that the 2008 amendments repealed, by implication, Section 3133(a)(4).

¶ 7 The trial court ruled that the Treasurer had followed proper procedures to sell real property for delinquent taxes. The trial court further ruled that Section 3133(a)(4) was repealed by implication as a result of the 2008 amendments to the *ad valorem* tax code.

¶ 8 The plaintiffs appeal.

## STANDARD OF REVIEW

¶ 9 A trial court's dismissal for failure to state a claim upon which relief can be granted involves a de novo review to ascertain whether the petition, including its exhibits, is legally sufficient. *Darrow v. Integris Health, Inc.,* 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208–09; *Indiana Nat'l Bank v. State Dep't of Human Services,* 1994 OK 98, ¶ 2, 880 P.2d 371, 375. A pleading must not be dismissed for failure to state a claim unless the allegations show beyond any doubt that the litigant can prove no set of facts which would entitle him to relief. *Indiana Nat'l Bank,*

1. Section 3133 provides:
   (a) A resale tax deed executed in substantial compliance with the provisions of the preceding section shall be prima facie evidence in all courts of the state, and in all suits and controversies relating to the rights of the grantee named in said deed, his heirs, successors or assigns, to the land thereby conveyed, of the following facts:
   (1) That the real property deeded was subject to taxation for the year or years included in such sale;
   (2) That the property had been legally assessed for such year;
   (3) That the taxes were levied according to law;
   (4) That the said property was legally sold to the county at delinquent tax sale more than two (2) years prior to said resale and that the lien acquired by the county at such sale remained in the county;

1994 OK 98 at ¶ 3, 880 P.2d at 375. Generally a motion to dismiss may be sustained for two reasons: (1) lack of any cognizable legal theory; or, (2) insufficient facts under a cognizable legal theory. *Indiana Nat'l Bank,* 1994 OK 98 at ¶ 4, 880 P.2d at 375–76.

¶ 10 The trial court made its ruling based upon a question of law with the acts not disputed. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100 n. 1. Matters involving statutory interpretation present a question of law which is examined independently and without deference to the trial court's ruling. *Heffron v. District Court of Oklahoma County,* 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076.

## ANALYSIS AND REVIEW

### A. History of Amendments

¶ 11 Prior to 2008, the general tax collection scheme in the *ad valorem* tax code directed the Treasurer to sell the real property when the taxes were not paid. 68 O.S.2001, § 3105. The Treasurer here gave notice of the sale, to include the two-year right of redemption, and specified the date of sale as set out by the statute. 68 O.S.2001, §§ 3106–3107.

¶ 12 At the sale, the first person offering to pay the taxes then received a *tax certificate.*

(5) That the property deeded had not been redeemed from sale at the date of the deed;
(6) That the property was legally sold at resale to the grantee named in said resale deed and was duly advertised before being sold;
(7) That all proceedings, notices and duties provided, required and imposed by law prerequisite to the vesting of authority in the county treasurer to execute such deed had been followed, given, complied with and performed.
(b) To defeat the deed it must be clearly pleaded and clearly proven that one or more of the essential prerequisites to the vesting of authority in said county treasurer to execute such deed was wholly omitted and not done; and a showing that one or more of said prerequisites was irregularly done shall not be sufficient to defeat the deed.

68 O.S.2001, §§ 3108, 3111. Section 3108 authorized purchase of the property by the Treasurer at the tax sale, but did not require the Treasurer to do so. If the property was not redeemed within the time allotted, then the person holding the tax certificate received a *certificate tax deed* from the Treasurer, upon compliance with the statutory notices. 68 O.S.2001, § 3118.

¶ 13 If the Treasurer did purchase the property at the tax sale, then the statute provided for *resale* after the redemption period. 68 O.S.2001, § 3128. After notice, the statute directed that the property be auctioned. 68 O.S.2001, § 3129. The successful bidder then received a *resale tax deed.* 68 O.S.2001, § 3132. If there were no successful bidders, then the statute directed the Treasurer to purchase the property for the benefit of the County. 68 O.S.2001, § 3129(B). The statute also recognized that there were two types of deed: Certificate Tax Deed and Resale Tax Deed. 68 O.S.2001, § 3119.

¶ 14 In 2008, the Legislature enacted a new scheme.[2] 2008 Okla. Sess. Laws, ch. 82, §§ 1–9. The new law specifically repealed Sections 3107–3112, 3114–3118, and 3120–3124.

¶ 15 Section 3105 was amended to provide for a *"tax resale"* pursuant to Section 3125 to be held after the third year following the date the taxes first became due and owing to remove the redemption condition. The amendment to Section 3105(F) removed "tax sale or" and retained "tax resale."

¶ 16 Section 3125 was substantially amended. It had referred to property purchased by the county at the delinquent tax sale. This phrase was removed and the direction was given to sell property that had not been redeemed in the time provided under Section 3105, which is three years. However, Section 3125 retained the phrase directing the treasurer to sell at "resale."

¶ 17 Section 3113 was amended to limit the redemption period to any time before execution of the deed of conveyance by the county.[3] Section 3119, as amended, removed the reference to "certificate tax deed."

¶ 18 Section 3127 was also amended. The significant change removed "was sold to the county for delinquent" from the previous version. The amendment retained the word "resale."

### B. Application of Statutes

¶ 19 As applicable here, the result of the 2008 amendments is that there is only an initial sale of property for nonpayment of taxes. The Legislature has employed the term "resale" in the statutes providing for *ad valorem* tax collection.

¶ 20 The statutory scheme no longer has a two-tier process involving a tax certificate issued to a bidder. As a result of the repeal of Section 3108, there is also no longer a two-tiered process involving purchase by the treasurer and subsequent resale after a redemption period.[4] Instead of these two-tier processes there is a single sale for delinquent taxes which the Legislature has elected to term a "resale."

¶ 21 Here, according to the undisputed facts, the Treasurer conducted one sale, Fox Run purchased the property, and the Treasurer had not purchased the property previously. Other than the plaintiffs' claim under Section 3133(a)(4), there is no claim of irregularity.

¶ 22 This Court holds that Section 3133(a)(4) does not apply in this case or any other involving post–2008 "resale" of real property for delinquent *ad valorem* taxes.

2. Amendments after 2008 do not affect the issues here.

3. Thus, under Sections 3105 and 3125, a taxpayer has three years plus the notice period to redeem the property, *before the sale is conducted.* Thereafter, the taxpayer can redeem only until the execution of the deed of conveyance and the two-year, tax certificate scheme no longer applies.

4. Whether the repeal of Section 3108 wholly removed the authority of county treasurers to purchase the property is not before this Court in this appeal. One undisputed fact is that the Treasurer here sold the property to Fox Run for the delinquent taxes.

Thus, the trial court reached the correct result.

¶ 23 However, to rule that Section 3133(a)(4) has been repealed by implication is unnecessary because Section 3133(a)(4) concerning "resale tax deed" does not apply here. Moreover, the ruling goes too far because such ruling might result in foreclosing application of that provision of the statute to a pre–2008 proceeding.[5]

¶ 24 Therefore, the trial court reached the correct result. When the trial court reaches the correct result, although for the wrong reason, its judgment is not subject to reversal. This Court is not bound by the trial court's reasoning and may affirm the judgment below on a different legal rationale. *Hall v. GEO Group, Inc.*, 2014 OK 22, ¶ 17, 324 P.3d 399, 405–06. This Court affirms the trial court's dismissal of the action for failure to state a claim because Section 3133(a)(4) does not apply.

**SUMMARY**

¶ 25 In 2008, the Legislature amended the process whereby real property is sold for delinquent taxes. There is now a single sale procedure. This Court holds that 68 O.S. 2011, § 3133(a)(4) does not apply in this case, or any other involving post–2008 "resale" of real property for delinquent *ad valorem* taxes. Thus, the trial court reached the correct result by dismissing this action which plaintiffs based upon Section 3133(a)(4).

¶ 26 However, the trial court ruled that Section 3133(a)(4) has been repealed by implication. That ruling is unnecessary because the provision has no application here. Moreover, such ruling might result in foreclosing application of that provision of the statute to a pre–2008 proceeding. Nevertheless, when a trial court reaches the correct result, albeit for the wrong reason, the judgment will be affirmed on the basis of the correct reason.

¶ 27 AFFIRMED.

FISCHER, P.J., and THORNBRUGH, J., concur.

---

5. This Court notes that, in its 2008 enactment, the Legislature included Section 3105.1 as new law. This section provides:

    Any person holding a tax lien pursuant to Sections 3101 through 3125 of Title 68 of the Oklahoma Statutes prior to the effective date of this act shall be authorized to continue the tax lien or tax deed process under the laws in effect at the time such tax lien or tax deed was obtained.