Question Submitted by: The Honorable Nathan Dahm, Oklahoma State Senate, District 33
2017 OK AG 17
Decided: 12/20/2017
Oklahoma Attorney General Opinions

Cite as: 2017 OK AG 17, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
To redeem real property offered for sale by the county treasurer pursuant to 68 O.S.2011, § 3105, must the property owner pay all taxes having accrued at the time of redemption, or, alternatively, only the amount that initially created the tax lien? 
I.
Background
¶1 In Oklahoma, all real property is subject to ad valorem taxation unless specifically exempt. See Liddell v. Heavner, 2008 OK 6, ¶ 8, 180 P.3d 1191, 1196. Delinquent property taxes result in a lien on the property lasting for seven years from the date on which the taxes became due and payable. 68 O.S.2011, § 3101. Each year, the county treasurer publishes a list of the prior year's delinquencies that includes the properties, record owners, and delinquency amounts, along with a notice that the properties may be sold at a tax sale pursuant to Title 68, Section 3105. Id. § 3106. Before turning to your question, it is helpful to begin with an overview of the tax sale and redemption process as it existed before the Legislature enacted a large-scale revision of the tax sale statutes in 2008. See 2008 Okla. Sess. Laws ch. 82.
¶2 Before 2008, tax sales involved a two-step process. First, if taxes on a particular property were delinquent as of April 1, the county treasurer was required to advertise and sell the property. See 68 O.S.Supp.2007, § 3105(A). Notice of the sale was provided for two weeks in September and sales were conducted on the first Monday of October. Id. § 3106; 68 O.S.2001, § 3107. A buyer "offer[ing] to pay the full amount due" was issued a certificate describing the property, the amount paid, and the time at which the buyer would be entitled to the deed. 68 O.S.Supp.2007, § 3108(B); 68 O.S.2001, § 3111. If no such buyer emerged, the treasurer could purchase the property in the name of the county. 68 O.S.Supp.2007, § 3108(B). In either case, the redemption period for the original owner to recover the property was two years from the date of sale. Id. §§ 3118(A), 3125. To redeem the tax certificate from an individual buyer, the property owner was required to pay "the sum paid to the county for such certificate and all taxes paid and endorsed thereon" along with interest and costs. Id. § 3113. If redeeming from the county, the property owner was required to pay "the sum for which the property was sold," along with a penalty and costs. Id.
¶3 The second step occurred after the two-year redemption period. If a tax certificate had been purchased by an outside buyer and the property went unredeemed by the property owner, the treasurer would convey a tax deed to the buyer. 68 O.S.Supp.2007, § 3118(A). If the property was unsold or purchased by the treasurer and went unredeemed, it would be subject to resale by the treasurer, which involved notice requirements and a process similar to the initial tax sale. See 68 O.S.2001 & Supp.2007, §§ 3125--3131. If the property remained unsold after the resale, it would be retained by the county. 68 O.S.2001, § 3129.
¶4 In 2008, the Legislature replaced the two-step process--involving an initial sale and subsequent resale after a two-year redemption period--with a single sale. See 2008 Okla. Sess. Laws ch. 82. Now, "where taxes are a lien upon real property and have been unpaid for a period of three (3) years or more as of the date such taxes became due and payable," the county treasurer shall "advertise and sell such real estate for such taxes and all other delinquent taxes, special assessments and costs." 68 O.S.2011, § 3105(A). In other words, a property may not be offered for sale by the county due to a tax delinquency until that delinquency is at least three years old. Tax sales[1] are now held "on the second Monday of June each year in each county." Id. § 3125. For four consecutive weeks before the tax sale, the treasurer must publish or post notice of the sale and mail such notice to the property owner and any mortgagees of record. Id. § 3127.
¶5 The 2008 amendments also modified the redemption process. Now, a property owner may redeem his or her property offered for tax sale "at any time before the execution of a deed of conveyance therefor by the county treasurer[.]" 68 O.S.2011, § 3113; see also Valdez v. Occupants of 3908 SW 24th Street, 2011 OK 99, ¶ 26, 270 P.3d 143, 150; Chisholm Trail Construction, L.L.C., v. Mueggeburg, 2014 OK CIV APP 108, ¶ 17, 352 P.3d 1262, 1265. The deed of conveyance must be executed and delivered to a purchaser within 30 days of a tax sale. 68 O.S.2011, § 3131(A). To redeem the property, Title 68, Section 3113 now requires the owner to "pay[] the county treasurer the sum which was originally delinquent including interest...and such additional costs as may have accrued[.]" Id. § 3113 (emphasis added).
¶6 Your question seeks clarification as to whether, under Section 3113, a property owner can redeem property subject to a tax sale by paying only the delinquency amount that initially created the lien or, instead, whether the owner must pay the entire tax delinquency accrued at the time of the sale.
II.
Discussion
¶7 To answer your question, we look first to the language of the statute itself. If that language is "plain and unambiguous and its meaning clear," no further interpretation is necessary. TRW/Reda Pump v. Brewington, 1992 OK 31, ¶ 5, 829 P.2d 15, 20; see also 25 O.S.2011, § 1 ("Words used in a statute are to be understood in their ordinary sense, except where a contrary intention plainly appears[.]"). In determining a term's plain meaning, "[w]ords and phrases of a statute are to be understood and used not in an abstract sense, but with due regard for context[.]" State v. Tate, 2012 OK 31, ¶ 7, 276 P.3d 1017, 1020.
¶8 As noted above, a property owner may redeem his or her property offered for tax sale by paying to the county treasurer "the sum which was originally delinquent" along with interest and additional costs. 68 O.S.2011, § 3113 (emphasis added). For the following reasons, we conclude that "the sum which was originally delinquent" refers to the first year of delinquent taxes that triggered the initial tax lien, and not the entire amount of delinquent taxes accrued for all tax years prior to the sale.
¶9 First, under the current process, property taxes become a lien on the property on the date the taxes become due and payable. 68 O.S.2011, § 3101. Section 3105 provides that "where taxes are a lien upon real property and have been unpaid for a period of three (3) years or more as of the date such taxes first became due and payable" the county treasurer shall "advertise and sell such real estate for such taxes and all other delinquent taxes, special assessments and costs." Id. § 3105(A) (emphasis added). Put differently, from the time property taxes first become due, and thus create a lien on the property, the property owner has three years until the property is advertised and ultimately offered for sale. It is this initial delinquency that triggers the sale process. Thus, the natural and ordinary reading of the term "originally delinquent" in Section 3113 would be as a reference to the initial delinquency. See Webster's Third New Int'l Dictionary 1592 (2002) (defining "original" as "of or relating to a rise or beginning; existing from the start").
¶10 Second, reading Section 3113 in the context of the tax sale statute as a whole lends further support to this conclusion. For instance, Section 3105 empowers the county treasurer to advertise and sell property for the initial delinquency amount plus "all other delinquent taxes, special assessments and costs[.]" 68 O.S.2011, § 3105(A) (emphasis added). Similarly, the notice provisions of Section 3127 require the county treasurer to publish, prior to the tax sale, "the total amount of all delinquent taxes, costs, penalties and interest accrued, due and unpaid" on the property. Id. § 3127 (emphasis added). The Legislature's use of this broad language elsewhere, while allowing property to be redeemed for "the sum which was originally delinquent," reflects the intent to permit individuals to redeem their property by paying only the original delinquency that created the initial lien, plus interest and costs.[2]
¶11 Finally, the legislative history of Section 3113 also counsels in favor of this conclusion. See State ex rel. Rucker v. Tapp, 1963 OK 37, ¶ 14, 380 P.d 260, 265 ("In determining what meaning should be given" to particular statutory language, "we may properly seek resort to the history of [the statute.]") Prior to 2008, a property owner could redeem his or her property sold at a tax sale by paying to the county treasurer "the sum paid to the county for [the tax sale] certificate and all taxes paid and endorsed thereon." 68 O.S.Supp.2007, § 3113. Under that scheme, the county treasurer was only permitted to transfer the tax certificate for "the full amount due on any parcel of land[.]" Id. § 3108(B) (emphasis added). If, in the course of reworking the tax sale process, the Legislature intended for that requirement to remain, it would have used broader language, such as "full amount due," "all taxes," or "all delinquent taxes." Instead, it chose the narrower language of "the sum which was originally delinquent."
¶12 It is, therefore, the official Opinion of the Attorney General that:
1. Real property subject to tax sale pursuant to 68 O.S.2011, § 3105 may be redeemed at any time before the deed is conveyed "by paying to the county treasurer the sum which was originally delinquent," along with statutorily-required interest and costs. 68 O.S.2011, § 3113. 
2. The phrase "the sum which was originally delinquent" in 68 O.S.2011, § 3113 refers to the first-year delinquency that triggered the initial tax lien on the property, and not the entire amount of delinquent taxes accrued for all tax years prior to the tax sale conducted pursuant to 68 O.S.2011, § 3105. 
Mike Hunter
Attorney General of Oklahoma
Grant Cody
Assistant Attorney General
FOOTNOTES
[1] In several of the tax sale statutes, the term "resale" remains despite the Legislature having done away with the two-step resale process. See, e.g., 68 O.S.2011, §§ 3105, 3125, 3127. In Chisholm Trail Construction, L.L.C. v. Mueggeburg, the Court of Civil Appeals resolved this apparent discrepancy by concluding that "[i]nstead of these two-tier processes there is a single sale for delinquent taxes which the Legislature has elected to term a 'resale.'" 2014 OK CIV APP 108, ¶ 20, 352 P.3d 1262, 1265.
[2] This is also consistent with the State's policy of favoring redemption. In Sherrill v. Deisenroth, the Oklahoma Supreme Court addressed a property owner's right of redemption and the policy behind it:
"The taking of taxes, or the taxpayer's property for taxes, is an involuntary exaction by the state, and the tax-gathering authorities must stay strictly within the provisions of the law authorizing the collection of such taxes or taking of such property. Nothing is to be indulged in their favor, or in favor of grantees of property sold for taxes and undertaken to be conveyed by the tax-gathering authorities." This Court has recognized that statutory provisions relating to redemption from tax sale must be construed liberally in favor of redemption.
1975 OK 136, ¶¶ 22-23, 541 P.2d 862, 866 (emphasis added) (quoting Price v. Mahoney, 1935 OK 1169, ¶ 11, 53 P.2d 257, 259). See also Garcia v. Ted Parks, L.L.C., 2008 OK 90, ¶ 31, 195 P.3d 1269, 1280 (concluding that "the statutory procedure for collecting delinquent taxes is to provide an opportunity for the county treasurer to collect taxes which are due" while "protect[ing] property owners and provid[ing] every opportunity possible for them to redeem their property before it is taken").

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2014 OK CIV APP 108, 352 P.3d 1262, 
CHISHOLM TRAIL CONSTRUCTION, L.L.C. v. MUEGGEBURG
Discussed at Length

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1992 OK 31, 829 P.2d 15, 63 OBJ 682, 
TRW/Reda Pump v. Brewington
Discussed

 
1935 OK 1169, 53 P.2d 257, 175 Okla. 355, 
PRICE v. MAHONEY
Discussed

 
1963 OK 37, 380 P.2d 260, 
STATE v. TAPP
Cited

 
2008 OK 6, 180 P.3d 1191, 
LIDDELL v. HEAVNER
Discussed

 
2008 OK 90, 195 P.3d 1269, 
GARCIA v. TED PARKS, L.L.C.
Discussed

 
2011 OK 99, 270 P.3d 143, 
VALDEZ v. OCCUPANTS OF 3908 SW 24TH STREET
Discussed

 
2012 OK 31, 276 P.3d 1017, 
STATE v. TATE
Discussed

 
1975 OK 136, 541 P.2d 862, 
SHERRILL v. DEISENROTH
Discussed

Title 25. Definitions and General Provisions

 
Cite
Name
Level

 
25 O.S. 1, 
Meaning of Words
Cited

Title 68. Revenue and Taxation

 
Cite
Name
Level

 
68 O.S. 3105, 
Real Property to be Sold for Delinquent Taxes and Special Assessments
Discussed at Length

 
68 O.S. 3108, 
Repealed
Discussed

 
68 O.S. 3125, 
Resale by County of Unredeemed Lands
Cited

 
68 O.S. 3131, 
Resale Return
Cited

 
68 O.S. 3101, 
Taxes as Lien on Real Property
Discussed

 
68 O.S. 3107, 
Repealed
Cited

 
68 O.S. 3111, 
Repealed
Cited

 
68 O.S. 3113, 
Redemption From Lien Resulting From Tax Sale
Discussed at Length

 
68 O.S. 3118, 
Repealed
Cited

 
68 O.S. 3129, 
Sale - Property Bid Off in Name of County - County's Liability to Other Taxing Districts
Cited